■ In the Matter of SAMUEL MARKS et al., and All Others Similarly Situated, Appellants, v FRANK PELCHER et al., Constituting the Board of Assessors of the County of Nassau, Respondents. In the Matter of CLARENCE I. NEULANDER, and All Others Similarly Situated, Appellant, v FRANK PELCHER et al., Constituting the Board of Assessors of the County of Nassau, Respondents. In the Matter of VINCENT ROTHMAN et al., and All Others Similarly Situated, Appellants, v FRANK PELCHER et al., Constituting the Board of Assessors of the County of Nassau, Respondents.—In proceedings by owners of condominium units to review the real property tax assessments thereon for the tax years 1969/1970 through 1975/1976, the appeals are from three judgments of the Supreme Court, Nassau County, all entered February 25, 1977, one as to each proceeding, which, after a nonjury trial, confirmed the assessments and dismissed the petitions. Judgments reversed, on the law, with one bill of costs to petitioners payable by respondents, and proceedings remanded to Special Term for valuation pursuant to section 339-y of the Real Property Law. Section 339-y of the Real Property Law contains the caveat that the aggregate of the assessments of condominium units, plus their common interests, may not "exceed the total valuation of the property were the property assessed as a parcel." The statute means what it says, and was so intended. The fact that owners of condominium units may allegedly be exempt from assessment of their individual units at "full value" does not create an invidious classification. It is not improper for the Legislature to encourage condominium ownership and, insofar as the real property tax thereon is concerned, place it on a par with ownership of shares in a co-operative corporation. Further, since real property assessments are in rem, and property may not be assessed above full value (NY Const, art XVI, § 2), it was within the realm of legislative discretion to require that assessments of condominium units be on the same basis as that of units in a co-operative corporation. Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur. [89 Misc 2d 560.]

■ In the Matter of DEWEY THOMPSON, Respondent, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the Commissioner of the New York State Department of Social Services, dated July 18, 1975 and made after a statutory fair hearing, as affirmed a determination of the local agency to reduce petitioner's grant of aid to families with dependent children to recoup certain advance allowances, the State commissioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, dated March 8, 1976, as (1) denied his cross motion to dismiss the petition as untimely, (2) annulled the determination insofar as reviewed, (3) directed that the local agency cease "from recouping any

moneys from petitioner's grant of Aid to Families with Dependent Children", and (4) ordered that petitioner be paid all moneys previously withheld from the grant. Judgment modified, on the law, by deleting the fourth and fifth decretal paragraphs thereof, and substituting therefor provisions that the matter shall be remanded to the State commissioner for further proceedings in accordance herewith. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The determination under review reduced the grant of public assistance given to petitioner on behalf of his minor children in order to recoup advances for rent and utilities. No reduction in such benefits can occur without a finding that petitioner's minor children do not need the assistance which they are entitled to receive (see *Matter of Wright v Toia,* 56 AD2d 633; *Matter of Westby v Berger,* 54 AD2d 911). The record does not show that the appellant State commissioner made such a finding. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.