■ In the Matter of MARY L. NUGENT et al., Constituting the Board of Managers of Oakbrook Condominium, Respondents, v PAUL H. WALDMILLER, as Tax Assessor of the Town of Amherst, et al., Appellants.—Order unani-

mously reversed, without costs, and motion denied. Memorandum: In a proceeding by owners of a condominium unit to review the real property tax assessments for the tax year 1978-1979, Supreme Court, Erie County, granted summary judgment in favor of petitioners, finding that no fact question needed determination. The court found that the unit assessments levied violated section 339-y of the Real Property Law relating to condominiums which provides, "In no event shall the aggregate of the assessment of the units plus their common interests exceed the total valuation of the property were the property assessed as a parcel." In granting the motion for summary judgment, the court agreed with petitioners' contention that the aggregate assessment for the units for the 1978-1979 tax year exceeded the assessment of the total parcel as it had previously been assessed (in 1977-1978) and the only change which had occurred was a change in the nature of the ownership, from rental complex to condominium units. In this the court erred. When the town assessor fixed the assessment for the 1977-1978 tax year, the property was a rental complex owned by a partnership and the total valuation of the property as a parcel for assessment purposes was $1,551,670. In August, 1977 the nature of the ownership of the property changed to a condominium pursuant to the provisions of article 9-B of the Real Property Law. The first time each unit became subject to taxation under section 339-y of the Real Property Law was for the 1978-1979 tax year when the assessor completed the general assessment role for the town, June 1, 1978. The aggregate assessment of all the units for this tax year was $2,142,500 and it is this assessment which became the subject of the tax review sought by petitioners under article 7 of the Real Property Tax Law. It does not appear that there has been any assessment fixed for the 1978-1979 tax year on the property as though the property were assessed as a parcel (Real Property Law, § 339-y). Thus, when Special Term granted summary judgment, it did not have before it a comparable assessment "were the property assessed as a parcel" from which it could determine that the aggregate assessment of the condominium units exceeded the value of the property assessed as a parcel. Section 339-y of the Real Property Law does not contemplate the use of different tax years for the purposes of making a comparison. "Section 339-y of the Real Property Law contains the caveat that the aggregate of the assessments of condominium units, plus their common interests, may not 'exceed the total valuation of the property were the property assessed as a parcel.' The statute means what it says, and was so intended." (*Marks v Pelcher*, 58 AD2d 812.) In order to succeed in their proceeding, petitioners must first establish that the total valuation of the property as a parcel for 1978-1979 is less than the aggregate assessment of the condominium units for the same tax period. A trial must be had to reach this determination. (Appeal from order of Erie Supreme Court— summary judgment.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.