■ In the Matter of RIVER HOUSE-BRONXVILLE, INC., Appellant, v JOHN W. GALLAWAY, as Assessor of the Village of Bronxville, et al., Respondents. In the Matter of RIVER HOUSE-BRONXVILLE, INC., Appellant, v LAWRENCE P. HOFFMAN, as Assessor of the Town of Eastchester, et al., Respondents. — In consolidated proceedings to review assessments for the years 1976, 1977 and 1978 on real property consisting of a co-operative apartment building, petitioner appeals from (1) a judgment of the Supreme Court, Westchester County, dated October 19, 1979, which determined the fair market value of the property, applied stipulated equalization ratios, sustained the assessments under review and dismissed the petitions and (2) an order of the same court dated November 19, 1979, which denied petitioner's motion, *inter alia,* to reopen the case. Judgment and order reversed, without costs or disbursements, and petitioner's motion granted to the extent that this matter is remanded to Special Term for further proceedings consistent herewith. Traditionally "Cost of new buildings or reproduction cost less depreciation establish maximum building value in assessment cases" *(Matter of 860 Fifth Ave. Corp. v Tax Comm. of City of N.Y.,* 8 NY2d 29, 32). In this case, however, both experts resisted this approach. According to the report of petitioner's expert, "Cost Approach is not a reliable indicator of value" because it is predicated upon "the depreciated replacement cost of the improvements" and "Estimates of physical, functional and economic depreciation are, at best, an educated opinion, and this factor of subjectivity lessens the validity of the Cost Approach." Respondents' expert likewise rejected the "Cost/Summation Approach" since "the subject improvements are not Specialty Structures, and represent a type of real estate (cooperative apartment building) which is commonly bought/sold and leased in the market place". Employing an income approach, respondents' valuation exceeded that of petitioner's by $470,000 for 1976, $580,000 for 1977 and $481,000 for 1978. Thus, Special Term was presented with no evidence as to maximum value for assessment purposes, i.e., reproduction cost less depreci-

ation, and a wide discrepancy in valuation by the use of the income approach. Rejecting the view that the condominium assessment case of *Matter of Marks v Pelcher* (58 AD2d 812) requires the use of the income approach, Special Term held section 339-y of the Real Property Law to be inapplicable. That section provides, in part, that "In no event shall the aggregate of the assessment of the units plus their common interests exceed the total valuation of the property were the property assessed as a parcel." The court then proceeded to adopt respondents' expert's method of market approach with a 20% discount to cover items, such as the lack of margin of profit to a prospective purchaser and expenses incurred in maintaining such property pending the sale of the entire property. Since this approach was used for the first time by the court, petitioner sought to, *inter alia,* reopen the matter, so that it might be given an opportunity to develop all factors relevant to the question of value. Petitioner also sought, in its motion to reopen, to offer evidence as to whether 20% was a proper discount to apply in the market approach method adopted. Since no evidence was offered by either party as to maximum value under the test of reproduction value less depreciation, we cannot say whether the assessments are within the parameters of that ceiling. Accordingly, we direct a hearing for the purpose of the development of such evidence by both parties, together with the submission of evidence bearing on the proper discount rate. Hopkins, J. P., Rabin, Cohalan and Weinstein, JJ., concur. [101 Misc 2d 422.]