■ In the Matter of 987 STEWART AVENUE CORP., Respondent, v. BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Appellant. — Appeal by the Board of Assessors of the County of Nassau from an order and judgment (one paper) of the Supreme Court, Nassau County (Meade, J.), entered September 27, 1978, which, *inter alia,* applied, purportedly pursuant to the parties' stipulation, State equalization rate ratios for the tax years 1970/1971 through 1977/1978, with resultant reductions in assessments for the tax years 1970/1971, 1971/1972, 1973/1974, 1974/1975, 1975/1976, 1976/1977, 1977/1978 (1972/1973 was withdrawn). Order and judgment modified, on the law, by vacating the reductions in assessment for the tax years 1974/1975, 1975/1976, 1976/1977 and 1977/1978 and by deleting the fourth decretal paragraph (which directed, *inter alia,* that the amount of the overassessment for the 1977/1978 tax year shall be determined by applying to the market value found by the court the ratio to be established by the State Board of Equalization and Assessment for that tax year). As so modified, order and judgment affirmed, without costs or disbursements, and matter remitted to Special Term for a determination of petitioner's overassessment claim for the tax years 1974/1975, 1975/1976, 1976/1977 and 1977/1978, in accordance with the written stipulation of the parties, dated October, 1977, and for the entry of an appropriate amended order and judgment in accordance herewith. The parties' written stipulation (dated Oct., 1977) provided authorization to Special Term to find market values and assessments for the tax years 1965/1966 through 1973/1974 based on the ratios adjudicated for those years in *860 Executive Towers v Board of Assessors of County of Nassau* (84 Misc 2d 525, affd 53 AD2d 463) should our order therein be affirmed. On December 15, 1977, prior to the date of Special Term's decision (June 16, 1978) and entry of the order and judgment (Sept. 27, 1978), the Court of Appeals affirmed our order *(sub nom. Pierre Pellaton Apts. v Board of Assessors of County of Nassau,* 43 NY2d 769). Accordingly, Special Term found that reductions in assessment were war-

ranted for the tax years 1970/1971, 1971/1972 and 1973/1974, when the *860* ratios for those years were applied to the market values found by the court. The order and judgment entered herein was a final judgment with respect to those years and could not be affected by the subsequent changes in procedural law (see *Matter of Slewett & Farber v Board of Assessors of County of Nassau,* 80 AD2d 186). However, at the time of the order and judgment entered herein the stipulation by its terms required that for the tax years 1974/1975 through 1977/1978 the stipulated "County ratios" be applied. There had been no final, conclusive reduction of those ratios "by litigation or otherwise" (as contemplated by paragraphs 3 and 4 of the parties' written stipulation). The order and judgment failed to permit the parties to litigate the issue of ratio for those years as per the stipulation. We find no merit to appellant's other contentions. Accordingly, the reductions in assessment for the tax years 1970/1971, 1971/1972 and 1973/1974 should be upheld, but the reductions for the years 1974/1975, 1975/1976, 1976/1977 and 1977/1978 must be vacated and the matter remitted to Special Term for an appropriate disposition with respect to those years in accordance with the terms of the written stipulation. Lazer, J.P., Mangano, Cohalan and O'Connor, JJ., concur.