■ MAY DINGER, as Executrix of AUGUST DINGER, Deceased, Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK, Respondent. — In a consolidated proceeding pursuant to article 7 of the Real Property Tax Law to review real property tax assessments for the years 1972/1973 through 1977/1978 on certain real property located in Richmond County, petitioner appeals from so much of a judgment of the Supreme Court (Ventiera, J.), dated July 11, 1979 and entered in Richmond County, as, in reducing the tax assessments for the years in issue on the ground of overvaluation, denied petitioner's trial application to place in evidence, as the sole evidence of alleged inequality in assessment, certified copies of the State equalization rates for the City of New York. Judgment affirmed insofar as appealed from, with costs. Petitioner's naked offer of certified copies of the State equalization rates on the issue of inequality was patently insufficient and was properly rejected by Special Term. In the absence of any evidence serving to justify the use of the State rates within the taxing unit, there was no basis for accepting the petitioner's offer of proof (see *Guth Realty v Gingold,* 34 NY2d 440, 450; *860 Executive Towers v Board of Assessors of County of Nassau,* 53 AD2d 463, 472-473, affd *sub nom. Pierre Pellaton Apts. v Board of Assessors of County of Nassau,* 43 NY2d 769; *Matter of Standard Brands v Walsh,* 92 Misc 2d 903, 911, affd 60 AD2d 605; *Matter of Lawrence Investing Co. v Board of Review of Dept. of Assessment of Town of Eastchester,* 86 Misc 2d 642, 649-650). We note that petitioner was afforded every opportunity to adduce the necessary justification evidence. In view of the above determination, we find it unnecessary to pass upon any further issue. Mangano, J. P., Rabin, Gulotta and Weinstein, JJ., concur.