■ In the Matter of BRIGHAM PARK COOPERATIVE APARTMENTS, INC., Appellant, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Respondents. — In a consolidated proceeding to review assessments on petitioner's property for the tax years 1973/1974 through 1978/1979, petitioner appeals from (1) an order of the Supreme Court, Kings County (Ventiera, J.), dated October 10, 1979, which granted respondents' motion to dismiss petitioner's inequality cause of action, and (2) a judgment of the same court, dated November 7, 1979, which adjudicated values and confirmed the assessments for the tax years in issue. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho*, 39 NY2d 241, 248). Judgment reversed, without costs or disbursements, order vacated, motion denied, and case remitted to Special Term for a new trial on the issues of overvaluation and inequality, and for other further proceedings in accordance herewith. The trial court erred in its denial of the respondents' motion to bar the use of the State equalization rates as evidence of inequality and to strike all evidence thereof from the trial record. We note that the facial constitutionality of subdivision 3 of section 720 of the Real Property Tax Law (L 1979, ch 126, eff May 22, 1979) was upheld by this court in *Matter of Slewett & Farber v Board of Assessors of County of Nassau* (80 AD2d 186; see, also, *Matter of Consolidated Edison Co. of N. Y. v State Bd. of Equalization & Assessment*, 73 AD2d 31, 36-37, affd 53 NY2d 975). Accordingly, under that statute, for the tax years here in issue the State equalization rates were not admissible as evidence on the issue of whether the assessments were unequal. We further find that, although on May 14, 1979 — before the effective date of chapter 126 of the Laws of 1979 — petitioner had

introduced documentary evidence as to the city-wide State equalization rates and evidence as to the methodology of the State Board of Equalization and Assessment, no evidence had been adduced (nor was it later, i.e., prior to the close of trial) to properly meet the requirement set forth in *Guth Realty v Gingold* (34 NY2d 440, 450), that "[t]he party who seeks to use the rate will be put to his proof that such use is justified in that case" and that the rate "pertained specifically to the taxing unit in issue" (see, also, *860 Executive Towers v Board of Assessors of County of Nassau,* 53 AD2d 463, 472-473, affd *sub nom. Pierre Pellaton Apts. v Board of Assessors of County of Nassau,* 43 NY2d 769). Thus, while petitioner had done more than offer mere "naked" documentary evidence of the State equalization rates (see *Dinger v Tax Comm. of City of N.Y.,* 83 AD2d 548), petitioner had not justified the use of the State rates in this case. Further, the petitioner had not obtained partial summary judgment by May 22, 1979 (as had the petitioners in *Matter of Slewett & Farber v Board of Assessors of County of Nassau, supra),* much less obtained a final judgment (as had the petitioner in *Matter of 987 Stewart Ave. Corp. v Board of Assessors of County of Nassau,* 82 AD2d 835). Accordingly, there can be no question but that the evidence as to the State equalization rates could be given no effect and, in fact, should have been stricken, because of both the justification failure and the 1979 amendments to the Real Property Tax Law. We conclude that Special Term correctly rejected section-wide and class comparisons (see Real Property Tax Law, § 706; *Matter of Rokowsky v Finance Administrator of City of N.Y.,* 41 NY2d 574; *Matter of Wolf v Assessors of Town of Hanover,* 308 NY 416, 422-423; *860 Executive Towers v Board of Assessors of County of Nassau,* 53 AD2d 463, 471, *supra; Matter of Slewett & Farber v Board of Assessors of County of Nassau,* 80 AD2d 186, *supra;* cf. *Matter of Colt Inds. [Finance Administrator of City of N.Y.],* 81 AD2d 777 [see partial dissent of Murphy, P.J., with respect to the meaning of subdivision b of section 166-1.0 of the Administrative Code of the City of New York], affg NYLJ, June 4, 1980, p 10, col 2, Mangan, J.). Accordingly, petitioner's inequality case was based upon invalid evidence. Finally, we find no basis for disturbing the trial court's denial of petitioner's discovery motion. As noted in Justice Mangan's decision at Special Term in *Matter of Colt Inds.* (NYLJ, June 4, 1980, p 10, col 6, *supra):* "A further reason for denial may be found in Administrative Code, Section II 46-15.0 which makes such disclosure unlawful." We conclude, however, that in view of the midtrial major change of evidentiary law, the trial court should have *sua sponte* granted a mistrial in the interest of justice, so as to enable petitioner to present evidence under the select parcel or actual sales methods, should petitioner be so advised. This is particularly so because the trial court denied petitioner's midtrial discovery motion. Accordingly, in the interest of justice we grant a new trial. Since we hold that a mistrial should have been ordered, we direct that the new trial shall be on all remaining contested issues, i.e., inequality and overvaluation, petitioner having conceded after the close of the evidence that "no proof of illegality was adduced, and therefore, that cause of action is subject to dismissal by the Court and [is] not in issue at this time." In view of the fact that at a new trial petitioner will now have to rely upon the actual sales or select parcel methods, we grant petitioner leave to renew its discovery motion and to present detailed evidence in support of its claim that "[t]he City has waived any claim of privilege by revealing that material in other proceedings and citing it as the basis for its qualification under RPTL § 307". Mollen, P.J., Hopkins, Damiani and Weinstein, JJ., concur.