■ In the Matter of 200 COUNTRY CLUB ASSOCIATES, Now Known as SOUTH MIDDLE NECK ROAD CORPORATION, Respondent, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants. — In consolidated tax certiorari proceedings pursuant to article 7 of the Real Property Tax Law to review assessments (for purposes of taxation) on certain real property (a co-operative apartment complex) for the tax years 1973/1974 through 1979/1980, the Board of Assessors and the Board of Assessment Review of the County of Nassau appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Meade, J.), entered June 23, 1980, which, *inter alia,* reduced the assessments. Order and judgment reversed, with costs, and new trial granted, in accordance herewith. The trial was held on March 6, 1980. Special Term noted that: "Petitioner's appraiser submitted both a cost and an economic approach to value, with no reliance placed upon his cost estimate. In his economic approach he estimated from comparable rentals those sums which would apply in a conventional rental apartment house to produce gross incomes from which he deducted his estimate of expenses to develop net incomes; by processing these results through a selected capitalization rate he arrives at estimated market values for all years at issue. Since respondent adopted a market approach to value, no serious challenge was made to the facts, figures or calculations contained in petitioner's economic approach. Respondent's [appellants'] appraiser placed sole reliance for his estimates of value upon the 1973 sales price of subject *[sic]* to the sponsoring agent for the first year at issue and for the remaining years he relied upon the actual sales prices of the cooperative units after discounting for profit and expenses by 20%. Since petitioner's appraiser rejected this approach to value, his only serious challenge to respondent's facts, figures and calculations was directed to the discount of 20% which he labeled with some validity as pure speculation. As indicated the sole issue between the parties is the proper method to be employed in valuing the subject property in its cooperative character." Special Term concluded that: "This Court is constrained to find that the described market approach to value employed by respondent in this proceeding is improper and must be rejected. Upon review those valuations established by the petitioner by its economic approach to

value are reasonable and are found to be applicable here. A view contrary to that being held in this proceeding is found in *River House-Bronxville* v. *Hoffman* (101 Misc 2d 422). (Also see *Matter of Westbourne Apartments, Inc. et al.* v. *Village of Bronxville et al.,* Supreme Ct., Westchester County, April 2, 1980, Burchell, J. [Index Nos. 15417/75 and 5164/65].)" Special Term then directed: "Petitioner is directed to submit on notice a judgment in accordance with the findings contained herein and which employs these equalization rates established by the State Board of Equalization and Assessment for each year at issue." Special Term erred in automatically rejecting the market-value approach of appellants' appraiser (see *Matter of River House-Bronxville v Gallaway,* 79 AD2d 990). As stated by the Court of Appeals in *Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau* (45 NY2d 538, 541-542): "The command of section 306 of the Real Property Tax Law that all property be assessed at full value does not pronounce an inelastic approach to valuation. Nor does the legislative directive specify a particular method for establishing value. And courts, being under no compunction to do so, have not confined assessors to any one course. To ensure that the existence of varied and multifaceted patterns of land use and ownership does not frustrate the design that each contribute equitably to the public fisc, courts have upheld any fair and nondiscriminatory method that appears most likely to achieve that end (see *Blooming Grove Props.* v. *Board of Assessors of Town of Blooming Grove,* 34 AD2d 953; cf. *Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1, 4-5; *People ex rel. Jamaica Water Supply Co. v State Bd. of Tax Comrs.,* 196 NY 39, 51-53)." The market-value method employed by appellants' appraiser clearly was not invalid as a matter of law *(Matter of River House-Bronxville v Gallaway, supra)*. There is a sufficient nexus between the selling prices of the shares of a co-operative apartment complex and the value of that improved real estate to make the selling price competent and relevant on the issue of value, subject to adjustment and discount. Moreover, the market-value method as here applied remains subject to cross-examination into its purported weaknesses, including the fact that (1) all of the shareholders would not be likely to place their shares on the market at the same time; (2) if they did so, the market prices of those shares would likely be depressed; (3) the purchaser of an entire co-operative building (i.e., of all of the shares of a co-operative) would expect a discount in order to enable him to carry the building and still earn a profit; (4) the amount of the proper discount rate remains a matter of expert opinion; and (5) the prices of the shares might well reflect an increment of value commensurate with the personal property improvements within each apartment. These possible weaknesses in the market-value method are matters that may affect the weight of such market-value data, but they do not render such evidence incompetent or irrelevant as a matter of law. In fact, such studies may be as probative on the question of value as a valuation based upon imputing hypothetical rents, etc., to a nonrental building. Nor do we find that the appellants' market-value method is based upon assessing a *form* of ownership rather than the *value* of the underlying real property. The right to take tax deductions for real estate taxes and mortgage interest is also afforded to the owners of private homes and rental buildings (as distinguished from the tenants thereof), as is the measure of control that is enjoyed by co-operative owners. Similarly, the sales prices of private homes and rental buildings may also include an increment for the value of certain personal property. Thus, we find no basis in fact for the argument that the appellants' market-value approach is based upon an assessment of the form of ownership or intangibles, or of personal rather than the real property. Finally we agree with appellants' contention that it was error for the court to automatically apply the State equalization rates. We also note that the use of such method of establishing

inequality of assessment for the tax years under review is precluded by legislation enacted in 1979 (see L 1979, chs 126, 127; *Matter of Slewett & Farber v Board of Assessors of County of Nassau,* 80 AD2d 186). In view of the new method of valuation employed, the need to permit the parties to develop a full record as to the weight to be afforded to that method, and in view of the 1979 legislation bearing on the right to utilize the State equalization rates, rather than merely remanding the matter for a new determination, we direct that there be a trial *de novo* (see *Matter of River House-Bronxville v Gallaway,* 79 AD2d 990, *supra; Matter of Brigham Park Coop. Apts. v Finance Administrator,* 83 AD2d 551). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.