Howaed T. Hogan, J.
This is a tax certiorari proceeding brought to review real property tax assessments on the subject property, an apartment house complex. This matter was put down for trial on September 11, 1972. Prior thereto, pursuant to section 678.1 of the Rules of the Appellate Division, Second Department (22 NYCRR 678.1), the appraisals were filed and exchanged on September 1, 1972.
By letter dated August 31, 1972, petitioner’s counsel notified counsel for the respondent Board of Assessors that it would not stipulate to the equalization rates previously used in other proceedings but would seek to establish the rates published by the New York State Board of Equalization. The petitioner’s appraisal contained those rates and all calculations of value were based upon them. Respondent immediately notified petitioner by mail; that it rejected the State equalization rates and would object to the offer of these rates into evidence or their use by petitioner in its appraisal.
The respondent Board of Assessors now moves to preclude the petitioner from raising the issue of ratio at the trial. Respondent contends that, not having served a notice to admit ratio 20 days before trial pursuant to section 716 of the Real Property Tax Law, the petitioner cannot raise the issue at the trial of the action nor prove the State equalization rates.
The petitioner contends that section 716 of the Real Property Tax Law is a procedural statute designed to shorten a trial by narrowing the issues and is permissive in nature. Petitioner’s counsel further contends that since the petitions allege inequality, the respondent has been on notice for quite some time of its *517 intentions, and the issue of ratio is therefore part of its direct case.
Section 716 of the Real Property Tax Law is permissive. Nowhere does it contain a requirement that in order to prove ratio a petitioner must serve a notice to admit. It does provide, however, that if a notice to admit ratio is served no later than 20 days before trial, the respondent has 15 days after service to deny that such ratio is correct. If no denial is served and filed, the ratio contained in the notice is deemed admitted. If there has been a timely notice and denial, the petitioner can recover his reasonable expenses incurred in proving the ratio contained in his notice to admit.
Were the court to go no further, the respondents’ motion must be denied. However, section 716 of the Real Property Tax Law is neither controlling nor determinative of the question presented to the court. The method of proving ratio is specifically set forth in subdivision 3 of section 720 of the Real Property Tax Law.
As to proceedings to review assessments commenced before April 27, 1969, the State equalization rates are admissible by virtue of the 1961 amendment to section 720 of the Real Property Tax Law but under closely prescribed procedural standards (Real Property Tax Law, § 720, subd. 3, as amd. by L. 1961, ch. 942). The statutory precondition to admissibility is that the parties agree and preselect the parcels to be appraised and the number of witnesses to be heard on the issue of inequality and the proof on that issue is limited to those parcels and witnesses (Matter of O ’Brien v. Assessors of Town of Mamaroneck, 20 N Y 2d 587). As an exception to such limitation, the statute permitted additional evidence of actual sales of real property in the assessing unit during the year under review while the 1961 amendment permitted as additional evidence, the State equalization rate established for the year under review (Matter of O’Brien v. Assessors of Town of Mamaroneck, supra).
The 1961 amendment to subdivision 3 of section 720 of the Real Property Tax Law did not authorize proof of the State equalization rate directly and independently of the other procedural requirements. In order for petitioner to introduce evidence of the State rate or evidence of actual sales in the assessing unit, the statutory preselection of parcels and witnesses must occur. Not having done so, petitioner herein is precluded from proving ratio as to those petitions to review commenced prior to April 27, 1969.
*518 With respect to proceedings to review assessments commenced after April 27, 1969, the amendment to subdivision 3 of section 720 of the Real Property Tax Law contained in chapter 302 of the Laws of 1969 controls. The 1969 amendment permits evidence of actual sales of real property within the assessing unit that occurred during the year under review and permits evidence of the State equalization rate for the year under review whether or not parcels are preselected. . The petitioner is therefore permitted to independently prove the State rates and introduce evidence of sales as afore-mentioned insofar as his proceedings which were commenced after the effective date of the 1969 amendment.
The court must point out, however, that, even if admissible, the State equalization rate standing alone is insufficient to sustain a finding of inequality (Matter of O’Brien v. Assessors of Town of Mamaroneck, 20 N Y 2d 587, supra).
With respect to the use of sales of property in the assessing unit to prove ratio under the conditions set forth above, the petitioner herein must be limited to sales contained in its filed appraisal. When we deal with the issue of ratio in tax certiorari, we are, in effect, dealing with the value of real,property. Section 678.1 of the Rules of the Appellate Division, Second Department, provides that appraisals in tax assessment proceedings must be filed and exchanged prior to trial and these appraisals must contain conclusions of value together with the facts, figures and calculations by which the conclusions were reached. Thp appraisal must contain the sales relied on.
This rule is therefore inconsistent with and in derogation of subdivision 3 of .section 720 of the Real Property Tax Law insofar as additional proof-of sales to prove ratio is concerned. Ordinarily, a rule which is inconsistent witli a duly enacted statute is of no effect and cannot enlarge or abridge rights cpnferred by that statute but where the rule is made under special statutory authority, that rule has the force and effect of statute and is binding upon the courts to which it applies (Matter of Pequeno, 177 Misc. 223).
CPLR 3140 specifically requires that each Appellate Division adopt rules governing the exchange of appraisals for use at trial in condemnation and tax assessment review proceedings. Rule 678.1 was adopted by the Second Department pursuant to this section' and thus has the force and effect of statute upon this epurt. Petitioner is, therefore, precluded from offering evidence of any sales not contained in its filed appraisal report.
*519 The practical effect of this is obvious. If rule 678.1 did not limit a petitioner in his proof to the material contained in his filed appraisal and he were permitted to introduce other sales to prove ratio, there would be no limit to the extent of proof and counterproof and no ratio trial could ever be completed. In fact, every tax review proceeding in which the petition alleged inequality, as well as over-assessment, would be transformed into a lengthy ratio trial without statutory safeguards as to limit.
Tt is obvious that legislative action is needed to review the procedural requirements contained in subdivision 3 of section 720 of the Beal Property Tax Law and the effect of the appraisal rules upon that section. We are, nevertheless, bound by the state of the law as it presently exists.
Accordingly, the respondents’ motion is granted to the extent set forth with respect to those petitions to review assessments filed before April 27, 1969, and denied to the extent set forth as to those petitions to review filed after said date.