PIERRE PELLATON APARTMENTS, INC., Appellant, v. BOARD OF ASSESSORS OF THE COUNTY OF NASSAU, Respondents.— In consolidated proceedings to review assessments of real property for taxation, petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated December 15, 1972, as, upon reargument, adhered to the original decision (1) precluding it from proving ratio as to those petitions to review commenced prior to April 27, 1969, to wit: tax years 1966 through 1969; and (2) as to those petitions to review commenced subsequent to April 27, 1969, to wit: tax years 1970 through 1972, precluding it from offering evidence of actual sales made during the year in which the assessment under review was made, which sales were not contained in its filed and exchanged appraisals. Order reversed insofar as appealed from, without costs, and motion remitted to Special Term for further proceedings not inconsistent herewith. As to the tax years 1966 through 1969, the order under review precludes petitioner from using the mandatory sample parcel method and, thus, trying the issue of ratio. In our opinion, Special Term was correct in holding that although subdivision 3 of section 720 of the Real Property Tax Law contains no time limitations for the preselection of parcels and witnesses, it obviously contemplates that such preselection occur prior to the scheduled date of trial. However, we do not believe that total preclusion should have been imposed, upon the facts before us. While petitioner took no steps to preselect parcels and witnesses prior to trial, it must also be noted that respondents' original preclusion motion was not based upon subdivision 3 of section 720, that both sides came into court on the scheduled trial date with the intent of really doing no more than formally arguing their respective positions on the motion and that the effect of subdivision 3 of section 720 was raised, for the first time, by Special Term in its original decision. Since a full trial on the merits is always to be preferred and respondents have shown no prejudice, we believe Special Term should have exercised its discretion and granted an adjournment to allow for preselection to occur. As to the tax years 1970 through 1972, for which the State equalization rates and actual sales may be introduced even if there has been no preselection of parcels and witnesses, we agree that fairness and the necessity for the orderly conduct of trials require that petitioner file and exchange its list of actual sales parcels. Indeed, as the issue of ratio in tax assessment proceedings is intimately related to the issue of valuation, rule 678.1 of the rules of this court (22 NYCRR 678.1) would seem to require the filing and exchange of such lists as well as "appraisal reports"; and we so construe that rule in keeping with the ultimate purpose of subdivision 3 of section 720, which is to shorten the trials by, among other means, providing for a full and complete exchange of information before trial. However, once again, and in the absence of any demonstrable prejudice to respondents, we believe Special Term should have exercised its discretion to grant petitioner additional time to file and exchange its list of actual sales before imposing the drastic remedy of preclusion. Thus, upon the remand herein directed, petitioner should be accorded a reasonable time, prior to trial, to comply with the pertinent statute

and rule. Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur. [71 Misc 2d 515.]