■    In the Matter of SCHENECTADY HOLDING CORPORATION, Appellant, v THOMAS G. FREDETTE, Respondent.—Appeals from two judgments of the Supreme Court, entered May 11, 1970 in Schenectady County, upon a decision of the court at a Trial Term, without a jury. Petitioner, the owner of real property in the City of Schenectady, brought two proceedings seeking review of the assessments upon such property for the years 1968 and 1969, alleging overvaluation and inequality. At the commencement of the trial the court refused petitioner's request that the court designate parcels of real property to be appraised as evidence on the issue of inequality, and the trial

proceeded solely on the issue of overvaluation. The trial court concluded that petitioner failed to sustain its burden of proof and that overvaluation was not demonstrated. Petitioner contends on this appeal that the trial court was required to select parcels of property to be appraised as evidence to be considered on the issue of unequal assessment, and that the issue of inequality should also have been considered by the trial court. Subdivision 3 of section 720 of the Real Property Tax Law provided at the time of the commencement of these proceedings as follows: "Evidence on the issue of whether an assessment is unequal shall be limited as hereinafter provided. The parties shall mutually agree on the parcels to be appraised and the number of witnesses to be heard with respect to such issue. In the event the parties fail to agree on such parcels or on the number of witnesses, upon application of either party the court or referee shall select the parcels to be appraised without reference to their assessed values, or shall determine the number of witnesses, or both, as the case may be. * * * The parties shall be limited in their proof on the trial of such issue to such parcels and witnesses, except that * * * evidence may be given by either party as to (1) actual sales of real property within the assessing unit that occurred during the year in which the assessment under review was made and (2) the state equalization rate established for the roll containing the assessment under review."[*] In the instant case, there is no evidence that petitioner made any attempt or took any steps to arrive at an agreement as to the parcels to be appraised. Nor was any application made to the court to select such parcels as provided by the statute, prior to the time of commencement of the trial of the proceedings. Furthermore, petitioner made no request for an adjournment to permit preselection of parcels to take place, and both parties had indicated they were ready to proceed with the trial on the merits when the request was made to the court to preselect the parcels to be used as evidence on the issue of inequality. Under such circumstances, "although subdivision 3 of section 720 of the Real Property Tax Law contains no time limitations for the preselection of parcels and witnesses, it obviously contemplates that such preselection occur prior to the scheduled date of trial." *(Pellaton Apts. v Board of Assessors of County of Nassau,* 42 AD2d 847.) While a full trial on the merits is to be preferred and respondent has shown no prejudice *(Pellaton Apts. v Board of Assessors of County of Nassau, supra),* petitioner has not shown any reason other than its own inaction why the court should at this late date make such a selection and postpone the trial for that purpose. In such case, it becomes discretionary with the court whether or not it will select the parcels, and under the circumstances of this case, we find no abuse of discretion in the court's refusal to make the selection. Thus, the trial court properly refused to consider the issue of inequality. Petitioner's attempt to use the State rate of equalization in the absence of a selection of sample parcels was properly rejected by the court. The amendment to subdivision 3 of section 720 of the Real Property Tax Law, permitting evidence as to the State equalization rate regardless of whether parcels had been selected, did not become effective until April 27, 1969, and was expressly made applicable to proceedings commenced after that date. It was held in *Matter of O'Brien v Assessor of Town of Mamaroneck* (20 NY2d 587), that "although proof of the State rate of equalization is competent when the other conditions of subdivision 3 of section 720 * * * are met, such proof standing alone is insufficient to sustain the finding. of

---

[*] Amended by L 1969, ch 302, § 1, but the amendment applies only to proceedings commenced after April 27, 1969.

inequality in a particular assessment." *(Id.,* P 595.) Although *O'Brien* has been overruled by statute (L 1969, ch 302, § 1; *Guth Realty v Gingold,* 34 NY2d 440), it is applicable to the present proceedings commenced prior to April 27, 1969. Accordingly, we conclude that the trial court correctly determined that petitioner has shown no redressable grievance by way of inequality of assessment for the years in question. Judgments affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Reynolds, JJ., concur.