OPINION OF THE COURT
 

 Per Curiam.
 

 The order of the Appellate Division should be modified by deleting therefrom declarations as to the constitutionality of former sections 307 and 721 and former subdivision 3 of section 720 of the Real Property Tax Law. Since those statutes have expired during the pendency of this appeal, we do not address the question of their constitutionality. As so modified, the order of the Appellate Division should be affirmed, and the question certified answered in the negative.
 

 As to the status of this action, we agree with the Appellate Division that petitioners have secured an interlocutory judgment. That judgment, having determined that the State equalization rates are appropriate proof of the rate of fractional assessment in Nassau County for the years in question, allows petitioners to proceed to prove that their property has been assessed in excess of that rate by establishing the property’s fair market value, against which the predetermined fractional assessment rate will be applied.
 

 Prior to this court’s decision in
 
 Matter of Heller stein v Assessor of Town of lslip
 
 (37 NY2d 1), fractional assessment was a common practice. In that case, we held that section 306 of the Real Property Tax Law required all property be assessed at full value. In the wake of that decision, the Legislature passed several provisions allow
 
 *554
 
 ing local taxing authorities to continue fractionalized assessments while they conducted the physical revaluation of real property that would be necessary to implement full value assessment. Since our decision in
 
 Hellerstein
 
 was specifically prospective in its application and because the Legislature subsequently suspended the requirements of full valuation for those taxing districts undergoing revaluation, assessments for the years in question could continue to be challenged, as in the past, on the ground that the assessments were unequal. Special Term, pursuant to the provisions of section 307 of the Real Property Tax Law, then in effect, found that Nassau County was not required to comply with the requirements of full valuation for the years in question, 1965-1966 through 1977-1978. It further determined that the applicable ratio between assessed and full value, for the purposes of this proceeding, was the State equalization rate. Since section 307 has expired during the pendency of this appeal, we only pass on whether the State equalization rates could be used in this proceeding as proof of the ratio between assessed value and full value.
 

 In addition to the legislative provisions deferring application of our decision in
 
 Hellerstein,
 
 the Legislature, in related action, also enacted an amendment of subdivision 3 of section 720
 
 [1]
 
 and a new section 721
 
 [2]
 
 of the Real Property Tax Law which substantially limited the use of State equalization rates to establish assessment ratios in inequality review proceedings which had been approved in
 
 Guth Realty u Gingold
 
 (34 NY2d 440). The hearing and decision at Special Term in this case preceded these legislative enactments. The enactments had become effective, however, and were considered on the cross appeals to the Appellate Division. Now, again, in consequence of their expiration these enactments have no application to the case as it stands before us on the present appeal. Accordingly, we review the determination at the Appellate Divi
 
 *555
 
 sion on the basis of the statutory and case law now in effect, and hold that under the applicable common law, the determination that the State equalization rate was the appropriate ratio between assessed value and full value was correct.
 
 (Guth Realty v Gingold,
 
 34 NY2d 440,
 
 supra.)
 

 Such a tax review proceeding is necessarily bifurcated, the first part establishing the applicable ratio of assessment and the second determining the fair market value of the property in question against which the ratio is applied to determine whether the assessment is unequal. In this proceeding, the grant of partial summary judgment fixing the appropriate percentage of full value at the level set by the State Board of Equalization and Assessment has adjudicated the issue of ratio. It is, therefore, in the nature of an interlocutory judgment.
 
 (860 Executive Towers v Board of Assessors of County of Nassau,
 
 53 AD2d 463, 475, affd
 
 sub nom. Matter of Pierre Pallaton Apts. v Board of Assessors of County of Nassau,
 
 43 NY2d 769.) When the remaining question of the fair market value of the property is determined, a simple mathematical application of the ratio to that fair market value will indicate whether or not the assessment is equal.
 

 Furthermore, our affirmance of the Appellate Division in
 
 860 Executive Towers
 
 (43 NY2d 769,
 
 supra)
 
 means that once the validity of the State equalization rate has been adjudicated, the county is collaterally estopped in other proceedings from further challenges of that rate.
 

 It remains to address the contention advanced by the County of Nassau that, notwithstanding the expiration on October 30,1981 of former subdivision 3 of section 720, the new subdivision 3 of that section, which became effective on December 3, 1981 when the Legislature enacted S-7000A over the Governor’s veto (L1981, ch 1057) and which again limits the use of State equalization rates in inequality review proceedings, should be held applicable to the present proceeding. We note that while the former amendment of subdivision 3 was expressly made applicable to proceedings commenced on or after January 1, 1970 and not finally determined (L 1979, ch 126, § 4; L 1979, ch 127, §3) no such provision for retroactivity is contained in
 
 *556
 
 S-7000A, section 17 of which provides only that: “This act shall take effect immediately.” In this circumstance we perceive no indication of legislative intent that the new enactment is to have retrospective application. Whatever may be the current and prospective applicability of new subdivision 3 to other pending proceedings, we hold that in the present proceeding in which the hearing with respect to assessment ratios has been concluded and an interlocutory judgment has been entered determining the rate of fractional assessment in Nassau County for the years in question, new subdivision 3 has no application. The procedural stage to which the new subdivision might otherwise have applied has long since been concluded.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in
 
 Per Curiam
 
 opinion.
 

 Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed. Question certified answered in the negative.
 

 [1]
 

 . Section 2 of chapter 126 of the Laws of 1979 to expire December 31, 1980 extended to May 15, 1981 by section 1 of chapter 3 of the Laws of 1981, and further extended to June 15, 1981 by section 1 of chapter 107 of the Laws of 1981, and finally extended to October 30, 1981 by section 1 of chapter 259 of the Laws of 1981.
 

 [2]
 

 . Section 2 of chapter 127 of the Laws of 1979 to expire December 31,1980 extended to May 15, 1981 by section 2 of chapter 3 of the Laws of 1981.