OPINION OF THE COURT
 

 Jasen, J.
 

 Petitioner J. A. Green Construction Corp., owner of a shopping center located in Brooklyn, New York, initiated this proceeding along with several of the lessees of that property to challenge the property’s assessed valuation for the tax years 1971-1972 through 1979-1980. The grounds for the objections are stated in the petitions as “overvaluation and inequality”. As further clarification, several of the petitions included a rider which states: “The tentative assessed valuation of the property herein above referred to seems to be made at a higher rate than the assessed valuation of all of the other property in the borough wherein the property is situated * * * The said assessment against the subject property is unequal, disproportionate and erroneous by reason of inequality”. The challenges raised by petitioners were thus whether the assessments were based on a proper valuation of the property and whether the proper ratio between fair market value and assessed value was used in determining the assessments.
 

 This type of a challenge requires a two-part proceeding. In the first part of the proceeding, the court must establish the proper ratio of assessed value to full value. During the second part of the proceeding, the court will determine the fair market value of the property in question. The validity of the assessments is then ascertained by merely applying the proper ratio against the fair market value established by the court.
 

 
 *373
 
 At trial, in order to establish the proper ratio of assessed value to fair market value, petitioners sought to prove the validity of and to enter as proof the equalization rate formulated by the State Board of Equalization and Assessment (SBEA). The city objected to testimony being taken on the State equalization rate on the ground that subdivision 3 of section 720 of the Real Property Tax Law limited the admissible proof on the issue of whether an assessment is unequal to selected parcels or comparable sales.
 

 The trial court found that the amended version of subdivision 3 of section 720 of the Real Property Tax Law, which became effective May 22, 1979, was applicable to this proceeding in which the trial was commenced on May 13, 1980. The court then considered whether the amended version of the statute was constitutional. Petitioners apparently challenged its validity on the ground that it violated their rights to due process and equal protection because it was unreasonably retroactive and was designed, by barring the use of the equalization rate, to divest them of their remedy against illegally formulated assessments. The trial court reserved decision but allowed petitioners to present evidence on the method used to formulate the State equalization rate and on what the State board had found to be the proper ratio of full value to assessed value.
 
 [1]
 
 The city raised no challenges to the SBEA rate, except for arguing that the rate was inadmissible. The trial then proceeded to the second stage during which both the petitioners and the city presented evidence concerning the fair market value of the property.
 

 In its decision, the court reviewed the history of subdivision 3 of section 720 of the Real Property Tax Law and held that the statute, as amended, violated the petitioners’ rights to due process and equal protection because its retroactive character “would deprive the petitioners of the right to be refunded the excess payment of taxes that accrued at the time the tax was paid”. Having declared the amended statute which barred the use of the State equalization rate unconstitutional, the court held that the State equalization rates for the years in question were proper
 
 *374
 
 proof of the ratio between full value and assessed value. The court then established the fair market value of the property and by applying the State equalization rate determined the proper assessment for petitioners’ property. On the basis of those computations, a judgment was entered ordering the assessments reduced.
 

 The Appellate Division reversed, dismissed the petitions and sustained the assessments. That court’s opinion indicates that it did so on the basis of its prior holding in
 
 Matter of Slewett & Farber v Board of Assessors of County of Nassau
 
 (78 AD2d 403) which declared subdivision 3 of section 720 to be constitutional.
 

 Section 720 of the Real Property Tax Law governs this type of proceeding to challenge an assessment. Subdivision 3 of section 720 determines what is admissible to prove that an assessment is unequal. In 1961, the statute was amended to authorize the introduction of State equalization rates formulated for the tax rate in question. In
 
 Matter of O’Brien v Assessor of Town of Mamaroneck
 
 (20 NY2d 587), this court held that, despite that statutory authorization, the equalization rate could not be the exclusive means of proving that the challenged assessment was unequal. The statute was again amended in 1969. On the basis of that amendment, this court held that the State formulated equalization rate could be the exclusive proof used to establish that an assessment was unequal.
 
 (Guth Realty v Gingold,
 
 34 NY2d 440, 450.)
 

 In response to the physical re-evaluations which were required by this court’s decision in
 
 Matter of Hellerstein v Assessor of Town of Islip
 
 (37 NY2d 1), the Legislature again amended subdivision 3 of section 720 and passed new legislation codified as sections 307 and 721 of the Real Property Tax Law. Those provisions suspended the applicability of section 306 (Real Property Tax Law, former § 307), mandating that all property should be assessed at full value and restricted the admissible proof in a proceeding to challenge an assessment to selected parcels or comparable sales except for residential property of no more than three units (Real Property Tax Law, former § 720, subd 3; former § 721). Use of State equalization rates as
 
 *375
 
 proof that property was unequally assessed was thus greatly restricted in those areas undergoing re-evaluation.
 

 Testimony taken at trial established that the City of New York was undergoing such a re-evaluation and, accordingly, the statutes, as amended, were properly found by the trial court to be applicable to this case. That court, however, declared the statutory bar on the use of the equalization rates to be unconstitutional, applied this court’s holding in
 
 Guth Realty v Gingold (supra)
 
 and permitted petitioners to introduce the State equalization rates as proof that the assessment of their property was unequal. The reversal at the Appellate Division was based on its prior holding that subdivision 3 of section 720 was constitutional, making the use of the SBEA rates improper.
 

 The constitutional validity of subdivision 3 of section 720 and of sections 307 and 721 was previously raised in this court in
 
 Matter of Slewett & Farber v Board of Assessors of County of Nassau
 
 (54 NY2d 547). In that case, the Appellate Division declared sections 721 and subdivisions 3, 4 and 5 of section 307 unconstitutional, but found section 720 to be constitutional. Prior to this court having heard that appeal, all three statutes expired and were not re-enacted by the Legislature. We, therefore, did not pass on the question of their constitutionality and further stated that “in consequence of their expiration these enactments have no application to the case as it stands before [this court] on the present appeal.”
 
 (Matter ofSlewett & Farber v Board of Assessors of County of Nassau, supra,
 
 at p 554.)
 

 Additionally, in order to clearly determine the status of the law at the time of our decision, we considered the applicability of the newly enacted version of subdivision 3 of section 720. As enacted effective December 3, 1981, subdivision 3 of section 720 was limited to prospective application. Thus, by its own terms it is not applicable to cases in which a judgment had been entered prior to its enactment.
 

 Turning then to the facts of this case, we note that subdivision 3 of section 720 as enacted on December 3, 1981 has no applicability to the case now before this court. A judgment was entered in that case well before the
 
 *376
 
 present statute was enacted. Similarly, the former statutes, having expired during the pendency of this appeal, are not applicable to this case as it is presently before this court. Because the former statute has expired and no new provision has been enacted which is applicable to the case before us, we turn to the common law.
 

 On the basis of
 
 Guth Realty v Gingold
 
 (34 NY2d 440,
 
 supra),
 
 and
 
 860 Executive Towers v Board of Assessors of County of Nassau
 
 (53 AD2d 463, affd
 
 sub nom. Matter of Pierre Pellaton Apts. v Board of Assessors of County of Nassau,
 
 43 NY2d 769), we hold that the State equalization rates are proper proof in this proceeding. Furthermore, we hold that the SBEA rates were properly admitted at trial after the trial court found subdivision 3 of section 720, which barred their use, to be unconstitutional. The Appellate Division reversal was predicated solely on its determination that subdivision 3 of section 720, now expired, was constitutional. Though the kind of proof admissible to establish value is normally a procedural question to be determined by the law in effect at the time of trial
 
 (Simonson v International Bank,
 
 14 NY2d 281, 289-290;
 
 Cole v Fall Brook Coal Co.,
 
 159 NY 59, 68-69; see 4 NY Jur 2d 501, Appellate Review, § 400), we think the history of legislation on this issue
 
 [2]
 
 and the differentiation by the Legislature between New York City and Nassau on the one hand and the rest of the State on the other, based as it is
 
 *377
 
 upon the
 
 economic
 
 effect of the differentiation, so imbues this normally procedural issue with substantive effect that we should not apply the usual rule. For that reason and because section 720 no longer bars proof which in
 
 Guth Realty (supra)
 
 this court recognized as relevant and competent, we conclude that its constitutionality is not a proper question for our consideration. Thus, the order of the Appellate Division should be reversed.
 

 The opinion of the Appellate Division indicates that that court did not pass on the validity of the trial court’s determination of the property’s fair market value or its computation of the proper assessments. Thus, the case must be remitted to the Appellate Division to pass on those factual determinations.
 

 Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for further proceedings in accordance with this opinion.
 

 Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, with costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.
 

 [1]
 

 . On petitioners’ motion, the proceeding for the tax year 1979-1980 was severed because the State board had not yet formulated equalization rates for that tax year.
 

 [2]
 

 . Subdivision 3 of section 720 of the Real Property Tax Law was amended by the Laws of 1969 (ch 302, § 1) to provide that the equalization rates could be the sole proof of unequal assessment. That statute was upheld in
 
 Guth Realty v Gingold
 
 (34 NY2d 440). The statute was amended in 1977 (L 1977, chs 888, 890) to allow the use of equalization rates by property type. In 1978, that provision was codified as section 307 of the Real Property Tax Law and the reference to property type was deleted from section 720. (L 1978, ch 476.) Section 307 of the Real Property Tax Law was to be effective only until December 31, 1980. Subdivision 3 of section 720 was then further amended in 1979 (L 1979, ch 126) to eliminate the use of the equalization rate in any proceeding commenced on or after January 1, 1974 and not finally determined as of May 22, 1979. At the same time, section 721 of the Real Property Tax Law was added to allow the use of equalization rates by certain residential property owners. The retroactivity provision of subdivision 3 of section 720 was immediately amended to read “proceeding commenced on or after” January 1, 1970 and was made effective only until December 31, 1980. (L 1979, ch 127.) The expiration date for section 307 of the Real Property Tax Law was extended to May 15, 1981. (L 1980, ch 880.) The expiration date for subdivision 3 of section 720 and section 721 of the Real Property Tax Law also was extended to May 15,
 
 *377
 
 1981. (L1981, ch 3.) By the Laws of 1981 (ch 259), the expiration dates of section 307 and subdivision 3 of section 720 were extended to October 30, 1981. A new version of subdivision 3 of section 720 of the Real Property Tax Law was passed over the Governor’s veto on December 3, 1981.
 
 (Matter ofSlewett & Farber v Board of Assessors of County of Nassau,
 
 54 NY2d 547.)