OPINION OF THE COURT
Thomas J. Lowery, J.
In these proceedings brought pursuant to article 7 of the Real Property Tax Law to review certain special franchise assessments, the respondent, State Board of Equalization and Assessment (SBEA) and the various intervenors-respondents, move for an order granting partial summary judgment dismissing those portions of the petitions which seek to establish that the assessment valuations were erroneous by reason of inequality. The petitioner, Consolidated Edison Company of New York, Inc. (Con Ed), by way of cross motion, seeks a determination and order declaring that subdivision 1 of section 744 of the Real Property Tax Law violates the New York State and Federal Constitutions and is void. The cross motion will be addressed first.
HISTORY OF PROCEEDINGS
Con Ed is a public utility and is the holder of special franchises in the City of New York and the Counties of Rockland and Westchester. Maintaining that its special franchise assessments for the tax years 1974-1978 had been unequal, overvalued, and illegal, it commenced 168 proceedings against the SBEA.[1]
Soon thereafter, the SBEA and the various intervenorsrespondents mounted challenges to those portions of Con Ed’s petitions that alleged that the assessments were illegal and unequal. As a result, those portions of the petitions that were grounded in illegality were dismissed (see Matter of Consolidated Edison Co. v State Bd. of Equalization & *619 Assessment, 60 AD2d 356), while those portions grounded in inequality were found to present a triable issue of fact and were upheld. (See Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment, 73 AD2d 31, affd 53 NY2d 975.) With respect to the latter, the court held that special franchises should be treated no differently than conventional real property and that both could resort to subdivision 3 of section 720 of the Real Property Tax Law to demonstrate the inequality of their assessments.[2]
In response to the court sustaining Con Ed’s right to claim that their assessment was unequal, the Legislature amended subdivision 1 of section 744 of the Real Property Tax Law. (L 1982, ch 714, §§ 24, 29.)[3] The amendment retroactively precluded a special franchise holder from resorting to subdivision 3 of section 720 of the Real Property Tax Law and restricted his proof to the equalization rate or special equalization rate used by the SBEA in determining the final special franchise assessment under review.
Upon the amendment becoming law, Con Ed brought this motion to have it declared unconstitutional on the grounds, inter alla, that it denied them equal protection and due process.
CONSTITUTIONALITY OF THE 1982 AMENDMENT
Con Ed’s equal protection claim is based on the premise that the 1982 amendment did not work a substantive change, but was procedural of nature. Given this premise, Con Ed argues that inasmuch as special franchises and conventional real property comprise but a single generic class, they cannot be accorded different treatment. It is claimed that to do so runs afoul of both the Federal and *620 State Constitutions. (US Const, 14th Amdt, § 1; NY Const, art I, § 11.)
Obviously, if the amendment were considered substantive, Con Ed’s equal protection argument would necessarily fail. For it is to be noted that in the field of taxation, more than in any other field, the Legislature possesses the greatest freedom in classification. (Matter of Tolub v Evans, 58 NY2d 1; Matter of Long Is. Light. Co. v State Tax Comm., 45 NY2d 529.) Certainly, when considering the unique nature of a special franchise (see People ex rel. Metropolitan St. Ry. Co. v State Bd. of Tax Comrs., 174 NY 417), justification can easily be found for the Legislature’s differential treatment. (See Kentucky R. R. Tax Cases, 115 US 321; Rapid Tr. Corp. v New York, 303 US 573; Southern Ry. Co. v Watts, 260 US 519.)
Turning to the merits of the argument, it is noted that prior to 1982 the Real Property Tax Law was not clear as to whether special franchise holders were to be treated differently than conventional real property owners who were seeking to challenge the inequality of their assessments. As a result, it was held that they were to be treated the same, and that subdivision 3 of section 720 of the Real Property Tax Law applied with equal force to a review of a special franchise assessment. (Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment, 73 AD2d 31, affd 53 NY2d 975, supra.) The 1982 amendment clarified the Legislature’s intent in this regard.
The 1982 amendment is procedural. Its object is to control evidence and, in so doing, to preclude holders of special franchises from collaterally attacking the equalization rate used by the SBEA in determining their assessments. No longer may interclass comparisons (see Real Property Tax Law, § 720, subd 3) be utilized to challenge such rate.
The question presented is whether, under the circumstances, the differential treatment is justified. This necessarily depends on the petitioner demonstrating there was no rational basis for the legislative action. (See Matter of Slewett & Farber v Board of Assessors, 80 AD2d 186, mod on opp 54 NY2d 547.) That is to say, there existed no cognizable differences between special franchises and con *621 ventional real property that justified the differential treatment accorded.
In this regard, the petitioner’s burden is a heavy one, since there exists a presumption that every statute is constitutional, and that the Legislature has investigated the subject and acted with reason. (Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358; Montgomery v Daniels, 38 NY2d 41; Matter of Malpica-Orisini, 36 NY2d 568; I.L.F.Y. Co. v Temporary State Housing Rent Comm., 10 NY2d 263.) This presumption is rebuttable, but unconstitutionality must be demonstrated beyond a reasonable doubt. (Lighthouse Shores v Town of Islip, 41 NY2d 7; I.L.F.Y. Co. v Temporary State Housing Rent Comm., 10 NY2d 263, supra; Wiggins v Town of Somers, 4 NY2d 215; Defiance Milk Prods. Co. v Du Mond, 309 NY 537.)
The evidence presented here is clearly insufficient to demonstrate that Con Ed is denied equal protection of the law. Their argument is based on the assumption that no differences exist that would justify differential treatment. This is plainly not the case. A special franchise is unique. It is neither land, nor an improvement of land. It is no single situs. For these reasons it has been considered sui generis. (People ex rel. Metropolitan St. Ry. Co. v State Bd. of Tax Comrs., 174 NY 417, supra.) These differences have prompted special treatment in the past. For example, special franchises have procedurally been set apart from conventional real property. The latter is valued by local assessors, wherein the assessment valuation for special franchises is determined by the SBEA. (See Real Property Tax Law, § 600.) Also, special franchises have differed from conventional real property in the standard by which their assessment valuation is determined. At least until the 1981 amendment to the Real Property Tax Law (repealing Real Property Tax Law, § 306, and enacting § 305 [L 1981, ch 1057, § 1]), the local assessors were required by statute to assess real property at full value. (See Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1.) In contrast, special franchise assessments were determined at a fraction of full value. (See Real Property Tax Law, § 606, subd 1.) Suffice it to say, if such differences justified procedural *622 distinctions in the past, it is difficult to argue that they do not provide justification here.
Moreover, even had Con Ed’s claim of equal protection been sustained, any right to resort to the evidentiary standards set forth in subdivision 3 of section 720 would appear to be a futile exercise. For such standards are irrelevant, since they are based upon data obtained during the year in which the roll containing the assessment was completed, whereas the rate used by the SBEA was established in a prior year. (See Consolidated Edison Co. v State Bd. of Equalization & Assessment, 112 Misc 2d 422.)
Next, Con Ed asserts that the 1982 amendment is unconstitutional in that it improperly delegates to the SBEA the function of equalizing special franchise assessments without providing adequate safeguards or standards. (See US Const, 14th Arndt, § 1; 5th Arndt; NY Const, art III, § 1; art XVI, § 2.)
In my opinion, this constitutional issue as advanced by the petitioner is insubstantial and does not require extended discussion. (See Sunshine Coal Co. v Adkins, 310 US 381; RCA Communications v Federal Communications Comm., 238 F2d 24, cert den 252 US 1004; 1 Davis, Administrative Law Treatise [2d ed], p 174.) Neither subdivision 1 of section 744 of the Real Property Tax Law, as amended, nor subdivision 1 of section 606 of the Real Property Tax Law vests discretion in the SBEA with respect to formulating equalization rates. The latter section directs the SBEA to equalize special franchise assessments and advises them as to the precise manner that this is to be accomplished, i.e., “the state board shall apply the latest state equalization rate or special equalization rate”. (Real Property Tax Law, § 606, subd 1.) Subdivision 1 of section 744 of the Real Property Tax Law is the Legislature’s confirmation of the principle that it does not want the rates, the use of which it has prescribed, to be the subject of collateral attack in a proceeding to review a special franchise assessment.
The only discretion that the SBEA may have is found in section 1202 of the Real Property Tax Law. This section deals with the establishment of the State equalization rate and class ratios and grants to the SBEA the authority to *623 “inquire into and ascertain as near as may be the percentage of full value at which taxable real property in such city, town or village is assessed”. (Real Property Tax Law, § 1202, subd 1, par [a].) Once ascertained, it is to apply the resultant rates to the special franchise value. (See Real Property Tax Law, § 600.)
While it is true that the means to accomplish this calculation have been left to the SBEA, the standard “as near as may be” is clear and its sufficiency has been judged. (See Matter of Colt Inds. v Finance Administrator of City of N. Y., 54 NY2d 533; Matter of 860 Executive Towers v Board of Assessors, 79 Misc 2d 821, affd 47 AD2d 603; Pellaton Apts. v Board of Assessors, 42 AD2d 847; Guth Realty v Gingold, 34 NY2d 440.)
Moreover, there are ample checks upon the SBEA’s exercise of its limited role in ascertaining equalization rates. These will be addressed hereafter, when the due process issue is discussed.
Con Ed argues that even assuming that there was no improper delegation of legislative authority, the 1982 amendment.denies them due process. (See US Const, 14th Arndt, § 1; NY Const, art I, § 6.) Specifically, it is claimed that the 1982 amendment deprived them of the right to obtain a judicial review of their assessment by precluding evidence that the equalization rate used by the SBEA in arriving at their assessment valuation did not reflect “as near as may be” the percentage of full value at which real property was assessed in the taxing unit. In sum, it is claimed that they were denied the right to demonstrate the inequality of their assessment.
The 1982 amendment is a procedural statute that supports section 606 of the Real Property Tax Law. It creates no presumptions, irrebuttable or otherwise. Its purpose, as stated, is to control evidence. In doing so, it restricts proof on the issue of inequality to the equalization rate used by the SBEA in determining the assessment valuation for a special franchise. Thus, the Legislature has made clear its intention that a special franchise holder is not entitled to challenge their assessment on inequality grounds in a proceeding brought under article 7 of the Real Property Tax Law.
*624 Whether justification existed for the differential treatment accorded by the Legislature to special franchise holders is of no concern here. As stated, some conceivable justification for the Legislature’s action did, indeed, exist. Our concern, rather, is whether, under the circumstances, Con Ed has a constitutional right to a de nova review of the equalization rate in an article 7 proceeding.
I am of the view that due process does not require such a review. The equalization rate is considered a legislative act and thus, no hearing, much less a full hearing, is constitutionally required. (See Bi-Metallic Co. v Colorado, 239 US 441; Kentucky R. R. Tax Cases, 115 US 321, supra; State R. R. Tax Cases, 92 US 575.) Moreover, the State Administrative Procedure Act, the provisions of which are applicable to the SBEA (Matter of State Bd. of Equalization & Assessment v Kerwick, 72 AD2d 292), lends support to this determination. The establishment of a rate is considered rule making (see State Administrative Procedure Act, § 102, subd 2, par [a], cl [ii]), rather than an adjudicatory proceeding. As such, it has been held that a municipality, which has standing to contest the rate, is not entitled to a formal adversarial hearing. (See Matter of County of Nassau v State Bd. of Equalization & Assessment, 80 AD2d 9.)
Even if it had been held otherwise, such a hearing would serve no useful purpose, since the SBEA’s methodology in arriving at the rate has been universally accepted by the courts. (See Guth Realty v Gingold, 34 NY2d 440, supra; Matter of 860 Executive Towers v Board of Assessors, 79 Misc 2d 821, affd 47 AD2d 603; Pellaton Apts, v Board of Assessors, 42 AD2d 847, supra.)
Notwithstanding, Con Ed is not without a remedy. Avenues are available for Con Ed to question the rate. A complaint can be voiced in a proceeding brought under article 6 of the Real Property Tax Law (see Real Property Tax Law, § 608) and a hearing will be had thereon. (See Real Property Tax Law, § 612.) Moreover, Con Ed may seek to intervene in a CPLR article 78 proceeding brought by a municipality for a review of final determinations of the SBEA of the rate. (See Real Property Tax Law, § 1218; CPLR 7802, subd [d].) Finally, they may request notice of hearings conducted pursuant to section 1208 of the Real *625 Property Tax Law and, if they desire, to petition for a declaratory ruling. (See State Administrative Procedure Act, § 202, subd 1, par [a]; § 204.) Such ruling may then be reviewed in an article 78 proceeding. (See State Administrative Procedure Act, §§ 204, 205.) Accordingly, Con Ed’s due process claim must be rejected.
Finally, Con Ed attacks the 1982 amendment on the grounds that it violates their right to be assessed at no more than full value. (NY Const, art XVI, § 2.)
I find this argument to be equally unpersuasive. Where use of the State rate would produce such a result, the SBEA must adjust the rate, since any conflict between section 606 of the Real Property Tax Law and section 1 of article XVI of the New York State Constitution must be resolved in favor of the latter. Obviously, if the State failed to make such an adjustment, the resulting assessment could be challenged on “overvaluation” grounds.
RETROSPECTIVE APPLICATION
Con Ed argues that despite a holding that the 1982 amendment is constitutional when prospectively applied, its retrospective application violates their constitutional right to due process and equal protection.
It is well settled that retrospective legislation is prohibited by neither the Federal nor the New York State Constitution (Matter of Slewett & Farber v Board of Assessors, 80 AD2d 186, mod on opp 54 NY2d 547, supra), so long as it does not violate the general standards of due process and equal protection. (Welch v Henry, 305 US 134.)
Before analyzing Con Ed’s specific claims, it is again well to note that they have the burden of rebutting the presumption of constitutionality that attaches to all legislative enactments. (Borden’s Co. v Baldwin, 293 US 194; Cook v City of Binghamton, 48 NY2d 323.)
Insofar as Con Ed’s due process claim is concerned, I am of the view that it has little merit. To succeed, Con Ed must demonstrate that application of the amended statute in these proceedings would deprive them of a vested right, or would otherwise be so harsh and oppressive as to constitute a violation of due process. (Welch v Henry, 305 US 134, *626 supra; Matter of Chrysler Props, v Morris, 23 NY2d 515.) Neither has been established here.
Generally, a vested right connotes a concept of a present fixed interest, which in right, reason and natural justice should be protected against arbitrary action. (16 CJS, Constitutional Law, § 215.) It comprises elements of both due process and separation of powers. (Matter of Slewett & Farber v Board of Assessors, 80 AD2d 186, mod on opp 54 NY2d 547, supra.) Con Ed’s contention that it has been deprived of a vested right is based on the supposition that reliance upon the continued applicability of then-effective judicial declarations, to wit, the right of special franchise holders to contest their assessments on inequality grounds, constitutes a property right that cannot be abridged by subsequent legislation. Such a supposition must be rejected, for there is no such right as a vested right in existing legislation or rules of law that precludes a change or repeal by the Legislature. (Matter of West, 289 NY 423.) A right is not deemed vested unless it is something more than a mere expectation based on a continuation of the present general laws. (Ten Ten Lincoln Place v Consolidated Edison Co., 190 Misc 174, affd 273 App Div 903.) In this regard, it is noted that had Con Ed’s rights been finally adjudicated, something more than a mere expectation would have been presented. This would have been sufficient to support a finding that a vested right had been affected. (See Matter of Slewett & Farber v Board of Assessors, 80 AD2d 186, mod on opp 54 NY2d 547, supra; Matter of Green Constr. Corp. v Finance Administrator, 56 NY2d 369.)
With respect to Con Ed’s assertion that the substantive effect of the 1982 amendment is to impose a new tax, the same is without basis in law or fact. The taxes have already been imposed and have been paid by Con Ed. It should be noted, however, that there is always some substantive effect to the retrospective application of a statute. Here, it dashed any hope Con Ed had for a refund based on inequality grounds. The consequences, however, can hardly be considered harsh and oppressive. The test is one of reasonableness (see Welch v Henry, 305 US 134, supra), which certainly has been met here when considering the *627 public interest served by the amendment vis-a-vis the nature of the alleged right affected.
 Turning to Con Ed’s equal protection argument, I find it unpersuasive. The suggestion that the retrospective application of the statute creates a two-tiered classified system of taxation, i.e., conventional real property owners and special franchises, and precludes special franchise holders the opportunity of demonstrating the inequality of their assessments for past years, while at the same time, allowing conventional real property owners the opportunity to do so, must be rejected. The argument advanced is no more than a rehash of what Con Ed had previously contended when addressing the amendment’s prospective application. It was then my view that the treatment of special franchises as a separate class has not been shown to be either irrational or arbitrary. My view has not changed, for the equal protection analysis is the same, whether you are discussing a prospective or retrospective application of the statute. (See Welch v Henry, 305 US 134, supra.)
CONCLUSION
In sum, the constitutionality of subdivision 1 of section 744 of the Real Property Tax Law (L 1982, ch 714, §§ 24, 29) must be upheld, as to its prospective and retrospective application. Hence, Con Ed’s cross motion is denied.
respondent’s motion for partial summary judgment
The parties have agreed that in the event that the court should uphold the constitutionality of the 1982 amendment, that such a result would be dispositive of the respondent’s motion. Accordingly, the respondent’s motion for partial summary judgment is now granted.

. The State Board of Equalization and Assessment is vested with exclusive authority to fix assessments for a special franchise (see Real Property Tax Law, § 600), and does so by using the latest State equalization rate or a special equalization'rate. (See Real Property Tax Law, § 606.)

. Use of actual sales, select parcels, and the State equalization rate (other than in New York City and Nassau County).

. “In a proceeding to review a special franchise assessment * * * the court may take such evidence as it may deem necessary or may appoint a referee to take evidence and hear and determine all questions raised by the petition and the answer thereto. Notwithstanding any provisions of this article to the contrary, evidence on the issue of whether a special franchise assessment is unequal shall be limited to the state equalization rate or special equalization rate used in determining the final special franchise assessment under review, and such equalization rate or special equalization rate shall be binding and conclusive on the parties upon any such issue”. (Real Property Tax Law, § 744, subd 1 [L1982, ch 714, § 24J.) The foregoing amendment was made retroactive and applied to all proceedings commenced on or after January 1,1973. (L 1982, ch 714, 8 29.)