■ In the Matter of AVERY AVENUE ASSOCIATES, Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents. — In consolidated proceedings to review assessments (for purposes of taxation) on certain real property for the tax years 1976/1977 through 1978/1979, petitioner appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated October 29, 1981, which denied its motion for partial summary judgment. ¶ Order affirmed, with costs. ¶ The order denying petitioner's motion for partial summary judgment fixing ratio was made on October 29, 1981, one day before expiration of the legislation that barred use of the State equalization rate (L 1979, ch 126; L 1981, ch 259, § 7) and slightly more than a month before enactment of new legislation that barred future use of the rate in proceedings

involving New York City or Nassau County (L 1981, ch 1057). Special Term denied petitioner's motion on the basis of our determination in *Matter of Slewett & Farber v Board of Assessors* (80 AD2d 186), which sustained the statute that prohibited use of the State equalization rate and which seems to have been endorsed in *Matter of Colt Inds. v Finance Administrator* (54 NY2d 533). Petitioner now contends that it is entitled to the collateral estoppel benefits of the holding in *Matter of Green Constr. Corp. v Finance Administrator* (56 NY2d 369). That case was decided in the taxpayer's favor even though the ratio evidence based on the State equalization rate was received at a time when its use was still prohibited by the 1979 legislation we have mentioned. Since the bar against use of that evidence expired while the *Green* appeal was still pending, the Court of Appeals concluded that the State equalization rate introduced at the trial constituted valid common-law evidence sufficient to support the ratio fixed by the trial court. Although petitioner now seeks to rely on the rates fixed in the *Green* case by invoking collateral estoppel against the city, the reliance is misplaced. The rates fixed in the *Green* case do not collaterally estop the city because an intervening statute now prohibits the use of the State equalization rate in New York City tax review cases (see *Matter of Canigiani v Board of Assessors*, 98 AD2d 233). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.