In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent, and VILLAGE OF PLEASANTVILLE et al., Intervenors-Respondents. (And 167 Other Related Proceedings.)

Third Department, October 11, 1984

APPEARANCES OF COUNSEL

*Ernest J. Williams* (*Martin B. Cowan* on behalf of *Milbank, Tweed, Hadley & McCloy* and *Mark S. Tulis* on behalf of *Rosenberg, Tulis & Gaynin* of counsel), for appellant.

*Robert Abrams, Attorney-General* (*Michael S. Buskus* of counsel), for State Board of Equalization and Assessment, respondent.

*Whiteman, Osterman & Hanna* (*Michael Whiteman, Melvin H. Osterman, Jr.,* and *Jonathan P. Nye* of counsel), for Village of Pleasantville, intervenor-respondent.

*Frederick A. O. Schwarz, Jr., Corporation Counsel* (*John P. MacArthur* of counsel), for City of New York, intervenor-respondent.

*Marvin S. Fink* for Village of Scarsdale, intervenor-respondent.

*McCarthy, Fingar, Donovan, Drazen & Smith* (*Henry J. Smith* of counsel), for City of Mount Vernon and others, intervenors-respondents.

OPINION OF THE COURT

MAHONEY, P. J.

Petitioner is a public utility and owner of numerous special franchises in the City of New York and the Counties of Westchester and Rockland. A special franchise is the

right to construct, maintain or operate mains, pipes and wires for conducting water, steam, electricity or gas in, under, above or upon a public street or other public place (see Real Property Tax Law, § 102, subd 17). For purposes of assessment and taxation, the value of the special franchise includes the value of the tangible property situated in, under, above or upon the public area. The State Board of Equalization and Assessment (SBEA) is vested with exclusive authority to assess the value of a special franchise (Real Property Tax Law, § 600), which it accomplishes by applying the latest State equalization rate or special equalization rate to the full value of the franchise (Real Property Tax Law, § 606, subd 1). Petitioner commenced 168 proceedings against SBEA alleging that its special franchise assessments for the years 1974 through 1978 involving 44 taxing units, many of which have been allowed to intervene, have been unequal, overvalued and illegal. This appeal involves only the causes of action grounded on inequality.

Following consolidation of the proceedings, SBEA and various intervenors moved to dismiss the inequality causes of action on the ground that a special franchise holder cannot challenge the equalization rate. This court held that a special franchise holder could challenge the accuracy of equalization rates such that it could contest the assessment of special franchise property on the basis of inequality; the Court of Appeals affirmed (*Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment,* 73 AD2d 31, affd 53 NY2d 975). Subsequently, the Legislature amended subdivision 1 of section 744 of the Real Property Tax Law to include the following language: "Notwithstanding any provisions of this article to the contrary, evidence on the issue of whether a special franchise assessment is unequal shall be limited to the state equalization rate or special equalization rate used in determining the final special franchise assessment under review, and such equalization rate or special equalization rate shall be binding and conclusive on the parties upon any such issue" (L 1982, ch 714, § 24). The amendment was made applicable to any proceeding commenced on or after January 1, 1973 and not finally determined as of the July

22, 1982 effective date of the amendment (L 1982, ch 714, § 29); its purpose was to supersede the judicial determination that special franchise holders could contest the accuracy of equalization rates (see Memorandum of the Assembly Rules Committee, NY Legis Ann, 1982, p 237).

SBEA moved, on the basis of the statutory amendment, for partial summary judgment dismissing the inequality causes of action. Petitioner cross-moved for a declaration that the amendment was unconstitutional. Special Term denied petitioner's cross motion and granted partial summary judgment as sought by SBEA (120 Misc 2d 617). This appeal by petitioner ensued.

When this matter was last before this court, the issue was whether, as a matter of statutory interpretation, a special franchise holder could contest the equalization rates. As a result of the amendment which is the subject of this appeal, that issue is now settled: a special franchise holder is precluded from judicially contesting the equalization rates. The issues on this appeal are whether such preclusion is constitutional and, if so, whether such preclusion can be applied retroactively.

■ Petitioner contends that the attempt to prevent special franchise taxpayers from challenging equalization rates constitutes a denial of due process. Initially, we note that the Legislature has not attempted to deny special franchise holders any means of review of equalization rates. Sections 608 and 610 of the Real Property Tax Law provide for administrative review of tentative special franchise assessments and, since a component of that figure is the equalization rate, such can be contested administratively (see *Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment,* 73 AD2d 31, 34-35, *supra*). Moreover, the statutory amendment has not completely eliminated a special franchise holder's inequality cause of action. Subdivision 1 of section 606 of the Real Property Tax Law provides that "[i]n determining a special franchise assessment the state board shall apply the latest state equalization rate or special equalization rate * * * to the full value of such assessment". Thus, while a special franchise holder is precluded by the statutory amendment from challenging the accuracy of the equalization rate,

admittedly the most important aspect of an inequality cause of action, it could use such a cause of action in the event that SBEA mistakenly applies an incorrect equalization rate or one which is not the latest rate.

Central to petitioner's constitutional arguments is its premise that a special franchise holder has a constitutional right to be assessed at a ratio equal to that being applied to other property holders. We find no support for this proposition. It is clear that special franchise property is of a different nature than other real property and the Legislature, by creating separate articles dealing with the assessment procedures for special franchises and real property generally, has recognized this distinction. It is true that the Legislature has determined that special franchises are to be assessed at a ratio equal to that being applied to other real property (Real Property Tax Law, § 102, subd 12, par [h]; § 305). However, this is a matter of legislative policy. The Legislature has also determined that the best means of assuring equality is to apply the latest equalization rate to the full value assessment figure (Real Property Tax Law, § 606, subd 1). It is of course true that due process requires that a taxpayer have a right to be heard. However, that right does not include an opportunity to judicially contest the merits of every legislative determination in the taxing statute. As a result of the 1982 amendment, the Legislature has determined that the equalization rate shall be conclusive as to the issue of the ratio of assessed valuation to the full value assessment figure. Since the Legislature has simply determined that the best procedural means by which its policy of equal ratio assessment between special franchises and other real property can be effectuated is by strict reliance on the equalization rate, and has not eliminated petitioner's right to judicial review generally, petitioner's due process rights have not been violated.

We also reject petitioner's equal protection challenge to the amendment. The Legislature has a great deal of freedom in creating classifications for purposes of taxation (*Matter of Long Is. Light. Co. v State Tax Comm.*, 45 NY2d 529, 535). The amendment does not result in special franchises being assessed at a ratio different from that of other real property in the taxing unit. Instead, it simply works a

procedural change in the means by which such equality shall be assured. The objective of equality and uniformity of taxation is clearly a legitimate governmental objective. In our view, the statutory amendment at issue is rationally related to such objective. First, as discussed earlier, special franchises are inherently different from other types of real property, and the Legislature has recognized this fact by enacting different assessing procedures for special franchises (Real Property Tax Law, art 6). Moreover, by mandating that evidence on the issue of equality is limited to the equalization rate, the Legislature has prevented the possibility that, through piecemeal litigation, different special franchise holders in a particular taxing unit will ultimately be assessed at different ratios. The statutory amendment assures that there will be no more than one judicial review of an equalization rate (Real Property Tax Law, § 1218)* and that the rate will be applied to all special franchises equally. Since the statutory amendment is rationally related to a legitimate governmental objective, petitioner's equal protection rights have not been transgressed (see *Matter of Slewett & Farber v Board of Assessors,* 80 AD2d 186, 205-208, mod 54 NY2d 547).

We also conclude that the statutory amendment does not involve an unconstitutional delegation of legislative power. The statutory amendment works no delegation of power at all. Section 1202 of the Real Property Tax Law directs SBEA to establish equalization rates and it has been recognized that SBEA has the expertise to determine such rates (see *Guth Realty v Gingold,* 34 NY2d 440). The fact that the equalization rates will be exclusive evidence of the issue of equality with regard to assessments of special franchises does not amount to a delegation of legislative power. Moreover, contrary to petitioner's contention, SBEA has not been delegated any power to set tax rates. SBEA only sets the equalization rates; the tax rates are set by the taxing units.

Petitioner's contention that the statutory amendment violates section 2 of article XVI of the New York State Constitution because it "authorizes and requires" assessment in excess of full value is likewise without merit. The

---

* We recognize that such judicial review is at the instance of the taxing unit and not a special franchise holder.

challenged statutes do not mandate that any particular equalization rate be set. If, in a particular case, the application of an equalization rate results in an assessment in excess of full value, the taxpayer could raise the point by way of an overvaluation cause of action.

Having concluded that the statutory amendment is not constitutionally infirm, we now turn to the issue of whether the Legislature's direction that it be effective retroactively is improper.

■ Petitioner contends that the Legislature's action in making the amendment to subdivision 1 of section 744 of the Real Property Tax Law retroactive in order to supersede this court's prior decision, as affirmed by the Court of Appeals, violated the doctrine of separation of powers. Contrary to petitioner's contention, this court's decision did not give petitioner a cause of action for a refund of taxes, nor did it establish that petitioner had a viable claim for a refund of taxes. This court simply held that, in the context of its cause of action for inequality, petitioner had a right to contest the equalization rates, *as a matter of statutory interpretation.* There had not yet been any determination that the equalization rates were inaccurate, no less a determination that petitioner was entitled to a refund. Thus, the statutory amendment did not deprive petitioner of any cause of action or substantive right granted to it by this court.

As a general rule, courts, including reviewing courts, are obligated to recognize and apply retroactive modifications of the laws involved in pending litigation (see *Gager v White,* 53 NY2d 475, 483, cert den *sub nom. Guertin Co. v Cachat,* 454 US 1086; *Robinson v Robins Dry Dock & Repair Co.,* 238 NY 271, 281, app dsmd 271 US 649; *Matter of Slewett & Farber v Board of Assessors,* 80 AD2d 186, 199-201, *supra*). Such retroactive legislation does not present a due process issue unless a final determination has been made by the judiciary regarding the rights of the parties (*Matter of Slewett & Farber v Board of Assessors, supra*). In the instant case, no such final determination had been made at the time the Legislature amended the statute. There had simply been a determination that, as a matter of statutory interpretation, petitioner had a right to

contest the equalization rates. In the meantime, and before any final determination was made regarding the rights of the parties, the Legislature simply clarified its position that it did not intend that special franchise holders could challenge equalization rates in an inequality cause of action. In our view, retroactive application of the statutory amendment does not violate petitioner's due process rights.

■ As a final point, petitioner argues that Special Term held that it could challenge equalization rates via a CPLR article 78 proceeding and that, therefore, Special Term should have converted this proceeding into a CPLR article 78 proceeding. Special Term, in discussing petitioner's remedies, noted that petitioner could seek to intervene in a CPLR article 78 proceeding brought by a municipality pursuant to section 1218 of the Real Property Tax Law challenging the equalization rates. Special Term went on to state that petitioner could petition for a declaratory ruling (State Administrative Procedure Act, § 202, subd 1, par [a]; § 204) and seek review of the declaratory ruling in a CPLR article 78 proceeding (State Administrative Procedure Act, §§ 204, 205). We disagree and hold that, since petitioner had no viable claim to litigate in a CPLR article 78 proceeding, Special Term need not have converted this proceeding.

Article 7 of the Real Property Tax Law is the exclusive procedure for review of real property assessments "unless otherwise provided by law" (Real Property Tax Law, § 700; *Niagara Mohawk Power Corp. v City School Dist.,* 59 NY2d 262, 268). No other provision in the Real Property Tax Law gives a special franchise holder the right to review equalization rates by way of an article 78 proceeding. Thus, petitioner cannot use an article 78 proceeding to challenge the accuracy of the equalization rates. Petitioner's application to declare section 24 of chapter 714 of the Laws of 1982 unconstitutional, as opposed to a challenge to the accuracy of the equalization rates, could have been the subject of a separate CPLR article 78 proceeding (see *Niagara Mohawk Power Corp. v City School Dist.,* 59 NY2d 262, 269, affg 88 AD2d 167, 168-169, *supra*). However, petitioner chose to make such claim the subject of a cross motion in this proceeding and has had a full opportunity to litigate its

contentions in this regard. Thus, no purpose would have been served by converting this proceeding into a CPLR article 78 proceeding.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, with one bill of costs.