■ ROCKAWAY CREST SECTION 1, INC., et al., Appellants, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— In consolidated proceedings pursuant to article 7 of the Real Property Tax Law to review real estate tax assessments for the tax years 1967/1968 and 1968/1969, petitioners appeal from a judgment of the Supreme Court, Queens County, dated September 9, 1969, which reduced the assessments. Judgment modified, on the law and the facts, by striking therefrom the directed reductions in assessments and by substituting therefor a provision that for each of the tax years in suit the assessments on the entire property be reduced to a total of $10,450,000, of which $2,650,000 is allocated to the land and $7,800,000 to the buildings. As so modified, judgment affirmed, with costs to appellants. In our opinion, the actual rents collected in these rent-controlled buildings are the best guide to their rental value (see Matter of Block v. Tax Comm. of City of N. Y., 33 A D 2d 899). We further believe that the testimony of petitioners' appraiser as to the expenses of these buildings was credible, except insofar as he failed to take into account the decrease in taxes resulting from a reduction in the assessment for the subject years. Finally, in view of the proof that about $1,375,000 is needed for new plumbing, oil burners and incinerators, that the cash flow is insufficient to cover the carrying charges on the mortgage, and that the inaccessibility of these buildings limits the rentals that can be charged, a capitalization rate of 8.9% (as testified to by petitioners' appraiser) seems appropriate in this case. By

employing the actual rent collections as gross income, and by employing the expense figures of petitioners' appraiser, as reduced by the estimated decrease in taxes resulting from a reduction in the assessment, we have computed the net income of the subject buildings as approximately $930,000. Applying the 8.9% capitalization rate to this net income, we compute the rounded-off, correct valuation of these buildings as $10,450,000, allocated $2,650,000 to the land and $7,800,000 to the buildings. Hopkins, Acting P. J., Martuscello, Latham, Gulotta, and Benjamin, JJ., concur.