■ In the Matter of MILTON HARBOR COMPANY et al., Appellants, v. ASSESSOR OF THE CITY OF RYE et al., Respondents.— In consolidated proceedings to review the assessed valuation of certain real property, (1) all the petitioners appeal from an order-judgment of the Supreme Court, Westchester County, entered June 28, 1972, which confirmed the report of a referee and, *inter alia,* reduced the assessed valuation of the property for the assessment years 1967 through 1970; and (2) three of the four petitioners appeal from

a subsequent order of the same court dated January 15, 1973. Appeal from order dated January 15, 1973 deemed withdrawn, without costs, upon written stipulation dated November 18, 1974. Order-judgment entered June 28, 1972 reversed, on the law, without costs, and proceeding remitted to Special Term for further proceedings not inconsistent with the views expressed herein. The questions of fact have not been considered on this appeal. The property comprises a co-operative apartment development (Lots Nos. 1 & 5) and peripheral land (Lot No. 4), known as 720 Milton Road in the City of Rye. The experts on both sides, as well as the referee, used the capitalization of net income method for determining value. In determining the gross annual rental income, both experts treated the property as though it were a commercial venture (i.e., a conventional apartment property). In determining the fair and reasonable expense of operating the property, petitioners' expert again treated the property as a conventional apartment property, but respondents' expert treated it as a co-operative apartment property. The former included, and the latter excluded, such items of expense as heating, gas, air-conditioning, and maintenance, and reserve for replacement of gas ranges, refrigerators, washers and dish washers, which are customarily items of expense borne by the landlord in conventional apartments but are borne by the tenant-shareholders in co-operative apartments. The procedure followed by respondents' expert was inconsistent, and this inconsistency rendered his conclusions fatally defective. The referee erred in adopting it, and his report should not have been confirmed in this respect. In addition, respondents' expert testified to the fair and reasonable cost of operating and maintaining the property on the basis of estimated expenses, rather than on the basis of actual expenses, which were readily available at the trial. He determined this cost to be $79,115, whereas the owner's profit and loss statement for 1969 shows the actual expenses were more than $150,000. The referee found that $96,400 was the fair and reasonable amount of net cost of operating and maintaining the co-operative tract and, to the extent that this was based on estimated rather than actual expenses, it was error. The order-judgment should therefore be reversed and the proceedings remitted to the Special Term for further proceedings not inconsistent herewith. Hopkins, Acting P. J., Martuscello, Brennan, Benjamin and Shapiro, JJ., concur.