■ In the Matter of CHARLES A. SCHOENECK et al., as Executors of GEORGE H. BOND, JR., Deceased, et al., Respondents, v CITY OF SYRACUSE et al., Appellants. — Order and judgment unanimously affirmed, with costs to petitioners. Memorandum: The City of Syracuse appeals from an order and judgment reducing real property tax assessments for tax years 1977 through 1981 on property located at 327 South Salina Street in the City of Syracuse, New York. This property is improved by a five-story brick and frame commercial structure located in the downtown business district of Syracuse. The building which is approximately 80 years old is in generally good condition. Each floor contains approximately 3,300 square feet. The first three floors and basement are utilized to merchandise women's apparel by Lerner Shops; the upper floors are unused except for storage. It is agreed that the highest and best use of the subject property is its present use as a commercial retail facility. The city maintains that the court erred in adopting $1,400 per front foot as economic rent rather than using the actual rental income of $1,544 per front foot. As a general rule, actual rental income is often the best indicator of value unless rent has been determined without regard to the market rental (*Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538, 543). To determine whether actual rental income of premises equaled economic income, petitioners' appraiser examined four leases on the 300 block of South Salina Street. The referee adopted the finding that the actual rental income of the subject property was higher than the economic income. This conclusion is supported in the record. True value trends in the Syracuse downtown retail core area have declined since the actual rent of the subject premises was fixed under a lease negotiated in 1950. The determination concerning the capitalization rate did not comply with the statute as it did not state "the essential facts" upon which the conclusion was founded. However, this proceeding need not be remanded. This court may make appropriate factual findings (*Grant Co. v Srogi,* 71 AD2d 457, 463, affd 52 NY2d 496; *Matter of Branch Motor Express Co. v Tax Comm. of City of N. Y.,* 80 AD2d 766). Determination of the capitalization rate presents a factual question (*Star Plaza v State of New York,* 79 AD2d 746, 747; *Ryan v State of New York,* 71 AD2d 806, 807). The capitalization rate adopted by the referee was 10.9% for the tax years 1977 through 1979 and 11.9% for the years 1980 and 1981. Petitioners' appraiser, using the band of investment method, found an over-all capitalization rate of 12.8% for land and improvements for all the tax years in question. The city's appraiser, using the direct capitalization method, found an over-all capitalization rate of 8% for land and improvements for all tax years in question. The record reveals that the referee's determination of the capitalization rate was

within the range of expert testimony and is supported by the evidence (*Matter of Syracuse Univ. v City of Syracuse,* 83 AD2d 783, app withdrawn 55 NY2d 879). (Appeal from order and judgment of Supreme Court, Onondaga County, Lynch, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Callahan, Denman, Boomer and Moule, JJ.