In the Matter of JOHN P. BURKE APARTMENTS, INC., Respondent-Appellant, v JAMES A. HOWE, as Assessor of the Town of Queensbury, et al., Appellants-Respondents.

Third Department, January 19, 1984

APPEARANCES OF COUNSEL

*Joseph R. Brennan* for appellants-respondents.

*Pileckas & Pileckas* (*Paul L. Pileckas* of counsel), for respondent-appellant.

OPINION OF THE COURT

MAIN, J.

Petitioner is the owner of an apartment complex located in the Town of Queensbury, Warren County. The complex was built for low-income families and senior citizens under section 236 of the National Housing Act (US Code, tit 12, § 1715z-1). Rent in the complex is based on a tenant's income and the interest rate paid by petitioner for the construction loan given to build the complex is actually 1% because of the Federal subsidy. The property was listed on the 1978 assessment roll of the Town of Queensbury at a total value of $1,908,700. This proceeding was commenced to challenge the assessment and a trial was held on November 30, 1981.

Petitioner's appraisal computed a value for the property by capitalizing the actual rent paid by tenants as regulated by the United States Department of Housing and Urban Development (HUD). Respondents' appraisal computed a value for the property by capitalizing the market rent for the complex as determined by rents at apartment complexes in the Queensbury area not subject to HUD regulations. Trial Term computed a value for the property by capitalizing the actual rent at a rate of 9%, which was a lower capitalization rate than that used by either petitioner or respondents. Trial Term then multiplied this value by 57.69%, the 1978 equalization rate established for the Town of Queensbury. Respondents had stipulated that the 1978 Town of Queensbury equalization rate was established by the State Board of Equalization and Assessment

(SBEA) at 57.69%, but refused to stipulate that this figure was accurate or applicable to this proceeding. Trial Term concluded that the assessment should have been $1,057,000. Respondents' appeal challenges Trial Term's use of the actual rent and the State equalization rate, and petitioner's cross appeal challenges Trial Term's use of the capitalization rate of 9%. We reverse and remit for further proceedings.

Petitioner alleged that the assessment was erroneous on the grounds of overvaluation and inequality. Such a challenge requires a two-part proceeding. The court must first establish the proper ratio of assessed value to full value and then must determine the fair market value of the property at issue (see *Matter of Green Constr. Corp. v Finance Administrator of City of N. Y.*, 56 NY2d 369, 372; *Guth Realty v Gingold,* 34 NY2d 440, 446). The validity of the assessment is then ascertained by merely applying the proper ratio against the fair market value established by the court (see *Matter of Green Constr. Corp. v Finance Administrator of City of N. Y., supra; Guth Realty v Gingold, supra*).

Section 720 of the Real Property Tax Law (all statutory references are to the Real Property Tax Law) governs this type of proceeding to challenge an assessment, and subdivision 3 of that section provides what is admissible to prove that an assessment is unequal. The history of the admissibility of State equalization rates is a complex tale of legislative vacillation, which has been thoroughly reviewed elsewhere (see, e.g., *Matter of Green Constr. Corp. v Finance Administrator of City of N. Y., supra,* pp 374-375, 376, n 2). Our analysis of the pertinent legislation and associated case law leads us to conclude that the State equalization rate was properly admissible herein. First, the legislation designed to restrict the use of the State equalization rate in this type of proceeding (L 1979, ch 126, § 2) expired on October 30, 1981 (L 1981, ch 259, § 7), before the trial herein was held, and, thus, had no application to this proceeding (see *Matter of Colt Inds. v Finance Administrator of City of N. Y.*, 54 NY2d 533, 543, app dsmd *sub nom. Equitable Life Assur. Soc. v Finance Administrator,* __ US __, 103 S Ct 335). Second, if the new subdivision

3 of section 720 (L 1981, ch 1057, § 7), which permits the admission of State equalization rates in this type of proceeding except in special assessing units not involved herein, was not applicable to this proceeding because it was not effective until December 3, 1981 (L 1981, ch 1057, § 17) after the November 30, 1981 trial herein, then the common-law rules, which permit the introduction of State equalization rates, would be applicable (see *Matter of Green Constr. Corp. v Finance Administrator of City of N. Y., supra,* pp 375-376). Finally, if the new subdivision 3 of section 720 was applicable to this proceeding, which was arguably pending on the new subdivision's December 3, 1981 effective date because no judgment or order was entered for several months thereafter (see *supra; Matter of Slewett & Farber v Board of Assessors,* 54 NY2d 547, 554-556; *Matter of Colt Inds. v Finance Administrator of City of N. Y., supra,* pp 542-543), then the State equalization rate was admissible under the express terms of the new subdivision 3. Thus, whichever analysis is correct, the State equalization rate was admissible herein (see, generally, *Matter of Canigiani v Board of Assessors,* 98 AD2d 233).

The mere fact that the State equalization rate was admissible herein, however, does not satisfy petitioner's burden. It has consistently been held, in proceedings in which the State equalization rate was admissible, that the rate is not automatically applied and that "[t]he party who seeks to use the rate will be put to his proof that such use is justified in that case" (*Guth Realty v Gingold,* 34 NY2d 440, 450, *supra;* see *Dinger v Tax Comm.,* 83 AD2d 548, mot for lv to app den 54 NY2d 608; *860 Executive Towers v Board of Assessors,* 53 AD2d 463, 472-473, affd on opn below *sub nom. Matter of Pierre Pellaton Apts. v Board of Assessors,* 43 NY2d 769). Although stipulating to the applicability of the rate will satisfy the requirement of proof (see *Guth Realty v Gingold, supra*), the stipulation by respondents that the 1978 State equalization rate for the Town of Queensbury was 57.69% did not include the validity or applicability of the 57.69% rate to this case. It is not clear from the record whether petitioner's attorney fully understood respondents' position and it appears from petitioner's brief and oral argument that petitioner's attorney

believed that respondents were in fact stipulating as to the State equalization rate such as would satisfy petitioner's burden. As was said in *Matter of Way v Town of Poughkeepsie* (75 AD2d 602, 604) about a similar situation: "While a trial attorney must ordinarily be taken to mean what he says in open court and petitioner's attorney may not have been entirely without fault in creating an erroneous impression of his intentions, the burden of the misunderstanding, in our opinion, should not be made to fall upon the petitioner, whose substantive rights are ultimately at stake." Accordingly, since we find it necessary to remit for reasons hereinafter discussed, we also remit the issue of inequality for further proceedings.*

■ Because we find certain deficiencies in Trial Term's conclusions and explanations on the overvaluation issue, we deem it appropriate for Trial Term, on remittal, to reconsider certain aspects of the overvaluation issue (see *Matter of J. W. Mays, Inc. v Tax Comm.,* 80 AD2d 915, 917). We first note that Trial Term erred when it determined, relying on *Rockaway Crest Section 1 v Tax Comm.* (38 AD2d 759), that the actual rent as regulated by HUD and received by petitioner was the appropriate component in determining the fair market value of the apartment complex. Actual rental income is usually the best guide to value unless the rent has been determined without regard to the marketplace (see *Matter of Schoeneck v City of Syracuse,* 93 AD2d 988). In this case, the actual rents are based on HUD regulations and not the marketplace. Furthermore, Trial Term's reliance on, and petitioner's citation to, *Rockaway Crest* is unpersuasive. In *Rockaway Crest,* the actual rents were the best guide to rental value apparently because the apartments in issue, like the entire residential rental market, were subject to a rent control program. The rental market in Queensbury is not similarly dominated by HUD regulated rents. Moreover, the

---

* Although further proceedings are required on the inequality issue as the law clearly imposes upon a petitioner the burden of justifying the use of the State equalization rate in the particular case, we feel compelled to note that commentators have criticized this rule, contending that a petitioner should be permitted to satisfy his burden by merely showing the State equalization rate, with the burden being placed on a respondent to rebut the validity of the rate because of the increasing recognition by the Legislature (and even by taxing districts) of the soundness of the SBEA's calculations (see, e.g., Lee and LeForestier, Review and Reduction of Real Property Assessments in NY [2d ed], § 1.08 [1983 Supp], pp 16-18).

apartment owner in *Rockaway Crest* presumably had the rent control program imposed on him whereas petitioner herein voluntarily agreed to limit the rents in return for the mortgage subsidy (see US Code, tit 12, § 1715z-1). Accordingly, Trial Term's use of the actual rents received by petitioner was inappropriate and the market rent for the complex should be utilized in determining the fair market value of petitioner's property.

We are also unable to determine whether Trial Term's use of a 9% capitalization rate was correct. Trial Term's explanation of how it arrived at the 9% rate is in rather general terms, and its conclusion is significantly lower than the rates utilized by petitioner and respondents. On remittal, Trial Term must reconsider the capitalization rate in light of our discussion herein and should explain more precisely how it derived the rate finally deduced.

The order should be reversed, on the law and the facts, without costs, and the proceeding remitted to Trial Term for further proceedings not inconsistent herewith.

MAHONEY, P. J., CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Order reversed, on the law and the facts, without costs, and proceeding remitted to Trial Term for further proceedings not inconsistent herewith.