■ In the Matter of CONIFER BALDWINSVILLE ASSOCIATES, Respondent, v TOWN OF VAN BUREN, Appellant, and BOARD OF ASSESSMENT REVIEW OF THE TOWN OF VAN BUREN, Respondent.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: In this tax certiorari proceeding (Real Property Tax Law art 7), we determine upon the record before us that the actual income and the actual expenses are the best guides to value. The assessed property consists of an apartment project built specifically for the elderly and handicapped and is subsidized by the Federal Department of Housing and Urban Development (HUD). The rents are fixed by HUD, based upon the rental market, and are periodically reviewed. The tenant's share of the rent is based upon the tenant's income and HUD pays the balance. Petitioner's appraiser, in using the capitalization-of-income approach, ignored the actual income received of $667,125, and used instead an estimated income, less vacancies, of $599,868. The Referee and Special Term adopted this figure.

As a rule, actual income is the best indicator of value *(Matter of Schoeneck v City of Syracuse,* 93 AD2d 988); actual income may be disregarded where it does not reflect full value *(Matter of Merrick Holding Corp. v Board of Assessors,* 45 NY2d 538, 543; *Matter of Henry Distr. Corp. v Srogi,* 91 AD2d 818). Here, there is no showing that the rents fixed by HUD do not reflect the value of the property. *Matter of Burke Apts.*

*v Howe* (98 AD2d 595) can be distinguished, for there, the owner accepted artificially low rents in exchange for favorable financing.

The Referee and Special Term also disregarded the actual expenses of the property and adopted the expense estimate used by petitioner's appraiser. Here again, we determine that actual expenses more nearly reflect value and we adopt the figures contained in the village's appraisal as a fair statement of those expenses. Accordingly, in applying the economic approach, we determine that the net income for capitalization is $528,899 (actual income of $677,125 less expenses and reserves for replacement of $148,226). Capitalizing the net income at 17.04%, the rate set by Special Term, we arrive at the full value of $3,103,867, rounded to $3,104,000, for the tax years in question. We note that construction of the project was completed in June 1979, less than one year before the first tax status date, at a cost, exclusive of professional fees, of $3,350,000. The actual building construction cost of a property is some evidence of value, at least for the tax years soon after construction *(see, Matter of Seagram & Sons v Tax Commn.,* 14 NY2d 314, 317). Here, the actual cost of the property in June 1979 lends support to our determination of full value arrived at through the economic approach.

We have examined respondent town's remaining contentions and we find them to be without merit.

The judgment appealed from is modified, therefore, by fixing the full value of the property for the years in question at $3,104,000 and reducing the town assessments to $372,500, making an overassessment for each of the years in question of $65,300. (Appeal from judgment of Supreme Court, Onondaga County, Murphy, J.—RPTL art 7.) Present—Dillon, P. J., Doerr, Denman and Boomer, JJ.