OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 The Appellate Division committed no error of law in using actual income as distinct from market rents and in using actual expenses as found by it rather than as stated in petitioner’s bill of particulars. Not only was there "no showing that the rents fixed by HUD do not reflect the value of the property”, as that court noted (115 AD2d 325), but also there was evidence in testimony of petitioner’s appraiser that the income actually received exceeded the market rent. It is only "when fair market rents exceed rental income [that] the latter may, in whole or in part, be made to defer to more precise means of fixing a base on which to compute capitalization”
 
 (Matter of Merrick Holding Corp. v Board of Assessors,
 
 45 NY2d 538, 543).
 

 On its cross appeal, the town contests the award to petitioner of expenses pursuant to Real Property Tax Law § 716 (2). That subdivision provides that if a petitioner’s demand for admission of the applicable ratio to full value is denied and petitioner thereafter proves the correct ratio to be not in excess of that specified in the demand, petitioner may be awarded reasonable expenses incurred in making his proof "irrespective of the results of the proceeding” unless "the court finds that there was good and sufficient reason for the respondent’s denial”. Here the Referee found and the Special Term award confirmed that the applicable ratio was that stated in petitioner’s demand and that the proof offered in support of the town’s ratio was of little probative value in view of the small number of sales used and the absence of documentary proof to support it. Petitioner was, therefore, entitled to an award of its expenses in making such proof, notwithstanding that it was otherwise unsuccessful, unless "there was good and sufficient reason for the respondent’s denial”. The town argues that its denial was based upon a
 
 *786
 
 study which showed a higher figure and was, therefore, reasonable and in good faith. The statutory criterion, however, is not good faith but good and sufficient reason. Here the town conceded in its reply brief to the Appellate Division that its study was "a very quick evaluation” made "in order to comply with the response time provided for in the statute” and "contains a rather significant mathematical error.” The response time provided for in RPTL 716 (1) is "fifteen days after service of such demand, or within such further time as the court may allow on motion on notice.” The conclusion of the courts below that respondent’s denial was not based upon good and sufficient reasons was well within their province
 
 (see, Matter of Pierre Pellaton Apts. v Board of Assessors,
 
 43 NY2d 769,
 
 affg sub nom. 860 Executive Towers v Board of Assessors,
 
 53 AD2d 463;
 
 Guth Realty v Gingold,
 
 34 NY2d 440).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR' 500.4), order affirmed, without costs, in a memorandum.