■ In the Matter of TECHNICON INSTRUMENTS CORP., Respondent-Appellant, v ASSESSOR OF THE TOWN OF GREENBURGH et al., Appellants-Respondents, and CENTRAL SCHOOLS DISTRICT OF THE TARRYTOWNS, Intervenor-Appellant.—In a proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments, (1) the Town of Greenburgh, its Assessor, and its Board of Review, and the intervenor appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), entered May 22, 1985, as reduced the tax assessments on the petitioner's real property for the assessment years 1979 to 1982, inclusive, and (2) the petitioner cross-appeals from so much of the same judgment as denied its motion for reasonable expenses in proving ratio.

Ordered that the judgment is affirmed insofar as appealed

and cross-appealed from, without costs or disbursements, for reasons stated by Justice Marbach at Special Term.

We make the following added observations. At the time this action was tried and the judgment issued, one of the statutorily approved methods for proving the ratio of a municipality for real property taxation purposes was the actual sales method used by the petitioner herein. By reason of a 1985 amendment to Real Property Tax Law § 720 (3), the actual sales method of proving inequality was excised from the statute with respect to assessing units such as that at bar. The amendment did not provide that it was to take effect retroactively (L 1985, ch 878). Consequently, the statute, as it existed at the time of the judgment controls. As the Court of Appeals wrote in *Matter of Slewett & Farber v Board of Assessors* (54 NY2d 547, 556): "[W]e perceive no indication of legislative intent that the new enactment is to have retrospective application. Whatever may be the current and prospective applicability of new subdivision 3 to other pending proceedings, we hold that in the present proceeding in which the hearing with respect to assessment ratios has been concluded and an interlocutory judgment has been entered determining the rate of fractional assessment in Nassau County for the years in question, new subdivision 3 has no application. The procedural stage to which the new subdivision might otherwise have applied has long since been concluded."

Accordingly, the issue of whether to use the petitioner's choice of the actual sales method or the town's choice of the State equalization rates involved an issue of the weight of evidence involving two then permissible methods of proving inequality. Although the Legislature may have decided to eliminate the actual sales method because it determined that it suffered from certain flaws, we cannot conclude, as a matter of law, that that method is necessarily incapable of producing an accurate result with respect to ratio or that use of the State equalization rates was mandatory. On the particular facts of this case and the extensive evidence adduced on the merits of the petitioner's ratio figures and methodologies and those of the town, the trial court's decision on the ratio (as well as valuation) issues was fairly and correctly made, after a fair trial, and we find no reason to disturb it *(see, Matter of Swanz v Brant,* 52 AD2d 1071).

However, that the petitioner prevailed at trial in the ratio contest did not require the automatic granting of the petitioner's posttrial motion under Real Property Tax Law § 716 (2) for reasonable expenses in proving ratio, including expert fees

and counsel fees. The matter is one for the sound discretion of the court. As the trial court found, the record sufficiently establishes that prior to the trial, the town had "good and sufficient reason" *(see, Matter of Conifer Baldwinsville Assocs. v Town of Van Buren,* 68 NY2d 783, 786) not to admit to the ratios demanded by the petitioner. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.