■ DAVID WALDMAN, Appellant-Respondent, v IRENE WALDMAN, Respondent-Appellant, and RUTH WALDMAN, Respondent. [601 NYS2d 623] —In an action for a divorce and ancillary relief, (1) (a) the plaintiff husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Queens County (Hyman, J.H.O.), dated November 8, 1990, which, after a nonjury trial, *inter alia,* (i) determined that certain real property known as the Bowery property was marital property subject to equitable distribution, (ii) determined the value of the Bowery property, (iii) determined the value of other property known as the Penn Plaza property, (iv) awarded the defendant wife maintenance, and (v) awarded the defendant wife counsel and experts' fees and costs, and (b) the defendant wife cross-appeals, as limited by her notice of cross appeal and brief, from stated portions of the same judgment, which, *inter alia,* dismissed her third-party complaint against the third-party defendant Ruth Waldman, and (2) the plaintiff husband further appeals, as limited by his notice of appeal and brief, from stated portions of an order of the same court (Lerner, J.), dated October 28, 1991, which awarded the defendant wife $15,000 in counsel fees to defend against the plaintiff's appeal from the judgment.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting so much of the second decretal paragraph thereof as directed the plaintiff to pay the defendant the sum of $87 per week in maintenance until such time as the plaintiff had paid the defendant another $100,000 of the equitable distribution award, and substituting therefor a provision directing the plaintiff to pay the defendant the sum of $87 per week until such time as he had paid the defendant the remaining $38,148 of the equitable distribution award, (2) reducing the defendant's distributive award set forth in the fourth decretal paragraph from $828,285 to $310,236, and (3) deleting so much of the sixth decretal paragraph thereof as directed the plaintiff to pay to the defendant $856,197, and substituting therefor a provision that the sum of $338,148 shall be paid by the plaintiff to the defendant; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is

remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The property valuations in issue involve commercial real estate. Both parties produced expert witnesses who used the capitalization of net income method for determining value. However, the wife's expert witness grossly overestimated the annual incomes and underestimated the annual expenses. In contrast, the husband's experts used the actual incomes and expenses, which were readily available at trial, made adjustments for the mortgage, and considered evidence of comparable sales in the area. The wife's expert witness's findings of net income were erroneous to the extent that they were based on estimated incomes and costs rather than actual incomes and costs (see, Matter of Conifer Baldwinsville Assocs. v Town of Van Buren, 115 AD2d 325, affd 68 NY2d 783; Matter of Schoeneck v City of Syracuse, 93 AD2d 988; Matter of Milton Harbor Co. v Assessor of City of Rye, 47 AD2d 632). In addition, the wife's expert made his calculations using 1986 as the valuation date, while the husband's experts used the time of trial as the valuation date, which the wife concedes was proper. Further, the wife's expert failed to deduct the outstanding mortgage of $2,184,167 from the value of the Penn Plaza property. Thus, we have adopted the valuations by the husband's experts and have modified the distributive award (and the corresponding maintenance provision) accordingly (see, Lischynsky v Lischynsky, 120 AD2d 824, 828). The wife's distributive award with respect to the Bowery property amounts to $78,044, and the wife's distributive award with respect to the Penn Plaza property amounts to $126,259 (5% of [$4,709,342 minus $2,184,167]).

We have not addressed the husband's contention regarding possible tax consequences in the event he should sell his interest in the partnerships which own the commercial properties, since it is unclear whether such a sale will take place.

We have examined the parties' remaining contentions and find that none warrant further relief. Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.