■ Anthony Santisi, Respondent, v Mario Parente et al., Appellants. [633 NYS2d 194] —In an action to compel the sale of real property, the defendants appeal from an order of the Supreme Court, Richmond County (Leone, J.), dated May 27, 1994, which, after a hearing, determined that the fair value of the property was $255,000.

Ordered that the order is affirmed, with costs.

The plaintiff sought to exercise an option to purchase real property from the defendants. Each party called an expert to testify as to the fair value of the property and each party applied the income method. The defendants asserted that the court erred by discrediting the testimony of its expert and crediting the testimony of the plaintiff's expert in establishing the fair value of the property.

As the trier of fact, the court reasonably credited the testimony of the plaintiff's expert. The defendants' expert admitted that he failed to deduct taxes, structural mainte-

nance, and accounting expenses from gross profits. Additionally, he overestimated the useful square footage of the property and disregarded the market prices of comparable properties. While actual income is generally the best indicator of value (see, *Matter of Conifer Baldwinsville Assocs. v Town of Van Buren,* 115 AD2d 325; *Matter of Schoeneck v City of Syracuse,* 93 AD2d 988), this figure was meaningless in this case because the property was no longer encumbered by a lease. Accordingly, the court correctly adopted the appraisal of the plaintiff's expert, which reflected the fair market price of the unencumbered property. Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.