■ In the Matter of the Estate of ALEXANDER L. LEVINE, Also Known as AL L. LEVINE, Deceased, by CAROLE A. STEIGER et al., as Fiduciaries, Respondent, v ASSESSOR OF TOWN OF GEDDES et al., Appellants. [661 NYS2d 318] —Order and judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In these consolidated proceedings pursuant to Real Property Tax Law article 7, Supreme Court reduced the assessed value of property owned by petitioner in the Town of Geddes for the tax years 1992, 1993 and 1994. The values set by the court are lower than those estimated by either appraiser who testified at trial. Respondent contends that the court's determinations of market value are unsupported by the evidence and must therefore be vacated. We agree.

The appraisers for both parties arrived at their conclusions of value of the improved parcel after having estimated the value of the entire parcel by both the capitalization-of-income method and the sales-comparison method. Petitioner's appraiser gave greater weight to the income method, while respondent's appraiser gave equal weight to both. Both appraisers also estimated the value of the land as if unimproved by the sales-comparison method.

In its written decision, the court adopted the estimates of petitioner's appraiser for the value of the land as if unimproved and the estimates of respondent's appraiser for the value of the parcel as improved. The court failed, however, to set forth its method of calculating the ultimate determinations of market value. It appears that the court arrived at those determinations of market value by taking respondent's valuation of the parcel as improved, subtracting respondent's valuation of the land as if unimproved, and adding petitioner's valuation of the land as if unimproved. That was error. Inasmuch as the value of the land as if unimproved was not a component of value used by either appraiser in determining the value of the parcel as improved under either method used, that value is irrelevant in determining market value in this case.

We therefore remit the matter to Supreme Court for a redetermination of market value for the tax years in question (*see generally, Matter of Burke Apts. v Howe*, 98 AD2d 595, 599-600). (Appeal from Order and Judgment of Supreme Court, Onondaga County, Murphy, J.—Tax Certiorari.) Present—Denman, P. J., Pine, Callahan, Boehm and Fallon, JJ.