■ In the Matter of NORTH COUNTRY HOUSING, a Limited Partnership, et al., Respondents, v BOARD OF ASSESSMENT REVIEW FOR VILLAGE OF POTSDAM et al., Appellants. [748 NYS2d 428] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Demarest, J.), entered September 27, 2001 in St. Lawrence County, which, inter alia, granted petitioners' application, in a proceeding pursuant to RPTL article 7, for a reduction of assessments on petitioners' property, and (2) from an order of said court, entered October 15, 2001 in St. Lawrence County, which denied respondents' motion to dismiss the proceeding as abandoned.

Petitioners are the owners of a 137-unit apartment complex (hereinafter the Project) located in the Town and Village of Potsdam, St. Lawrence County. The Project is subsidized by the United States Department of Housing and Urban Development (hereinafter HUD) pursuant to a 30-year Housing Assistance Payments Contract and a Regulatory Agreement executed in 1978 and 1979, respectively. Under the terms of those agreements, HUD established "contract rents" for the units,

which can be adjusted annually. Tenants of the Project pay a fixed proportion of their income as rent and HUD pays the difference between the tenants' payments and the contract rents, subject to an annual subsidy ceiling. Petitioners are also required to meet HUD maintenance standards and to maintain specified levels of reserve funds.

As relevant to this appeal, petitioners commenced RPTL article 7 tax certiorari proceedings to challenge the Town's 1994/1995, 1995/1996, 1996/1997 and 1997/1998 assessments and the Village's 1995/1996, 1997/1998 and 1998/1999 assessments of the Project. Supreme Court consolidated the seven proceedings and, at trial, petitioners and respondents submitted conflicting appraisals of the Project's value for the various tax years. Petitioners' appraiser offered two income capitalization appraisals of the Project, one based on the market rents of comparable properties and one based on the Project's actual income, and fixed the value of the Project at $2,400,000 to $2,525,000 under the market rents methodology and $2,800,000 to $2,860,000 under the actual rents methodology. Respondents' appraiser, on the other hand, valued the Project based on sales of comparable properties and fixed the value of the project at $3,900,000 for each year at issue.

Following the trial, Supreme Court rendered a decision finding the testimony of petitioners' appraiser to have been more credible than that of respondents' appraiser and adopting petitioners' market rents valuation of the Project. After the final judgment had been entered, respondents moved, as presently relevant, to dismiss the 1997/1998 petition against the Town as untimely commenced and for a modification of so much of Supreme Court's order as granted petitioners relief in excess of that sought in some of their petitions. Supreme Court denied respondents' motion. Respondents now appeal from both the September 27, 2001 judgment and the October 15, 2001 order denying their motion for postjudgment relief.

Initially, we conclude that there is merit to respondents' contention that Supreme Court erred in basing its fair market valuation of the Project on market rents rather than actual rents.* "As a rule, actual income is the best indicator of value [but] actual income may be disregarded where it does not reflect full value" (*Matter of Conifer Baldwinsville Assoc. v Town of Van Buren*, 115 AD2d 325, 325, *affd* 68 NY2d 783 [citations omitted]). In particular, the value of a property may

---

* It should be noted that, despite their expert's sole reliance on the comparable sales approach, respondents pose no current challenge to Supreme Court's utilization of the capitalization of income approach to valuation.

be distorted by the use of actual rents if the property is subject to long-term leases, since the contract rents may not be reflective of the market rents otherwise attainable (*see Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau*, 45 NY2d 538, 543; *compare Matter of Marine Midland Props. Corp. v Srogi*, 60 NY2d 885, 887). Similarly, this Court has held that use of market rents was appropriate in the valuation of a HUD project that had actual rents "far below fair market value" (*Matter of Burke Apts. v Swan*, 137 AD2d 321, 326).

A different result will pertain, however, when the actual rents received are higher than market rents. As specifically held by the Court of Appeals, "[i]t is only 'when fair market rents exceed rental income [that] the latter may, in whole or in part, be made to defer to more precise means of fixing a base on which to compute capitalization'" (*Matter of Conifer Baldwinsville Assoc. v Town of Van Buren*, 68 NY2d 783, 785, quoting *Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau, supra* at 543). We shall therefore modify Supreme Court's judgment by adopting the fair market valuations of petitioners' expert appraisal that were based on the Project's actual rents.

Next, we are unpersuaded that Supreme Court erred in its determination that respondents waived their statute of limitations defense to the 1997/1998 petition against the Town. Although the deemed denial of RPTL 712 (1) will, as a general matter, preserve a timeliness defense (*see e.g. Matter of Village Sq. of Penna v Semon*, 290 AD2d 184, 187, *lv dismissed* 98 NY2d 647; *Matter of Rosen v Assessor of City of Troy*, 261 AD2d 9, 11; *Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d 958, 960, *lv denied* 93 NY2d 813), that defense can be waived if it is not pursued sufficiently early in the proceeding to prevent prejudice to the petitioner. Here, respondents did not raise the defense until the trial of the proceedings had been concluded, some four years following their commencement. Under the circumstances, we conclude that the time to pursue the dismissal motion had long passed (*see Matter of Georgian Ct. Apt. Masis Parseghian v Assessor of Town of Orangetown*, 182 AD2d 978, 980; *Matter of Board of Mgrs. of Kemey's Cove Condominium v Board of Assessors of Vil. of Ossining*, 73 AD2d 621, 622, *appeal dismissed* 49 NY2d 917).

Further, although we agree with respondents that, in areas outside New York City, RPTL 720 (1) (b) prohibits tax reductions beyond those requested in the petitions, our modification of Supreme Court's judgment will raise the assessments to

levels higher than those requested by petitioners and eliminate any error in that regard. Respondents' challenge to petitioners' deductions for "Other Salaries," "Telephone/Office," "Nonresident Management," "Vehicle and Appliance Repair" and "Advertising/Marketing" expenses is unpreserved for our consideration (*see Matter of Niagara Mohawk Power Corp. v City of Cohoes Bd. of Assessors*, 280 AD2d 724, 726, *lv denied* 96 NY2d 719). Notably, respondents issued no challenge to these expenses before Supreme Court, offered no evidence to support the present contention that the expenses were unreasonable and, in fact, failed to even cross-examine petitioners' appraiser concerning them. Under the circumstances, respondents can point to no evidence in the record to support their contention.

As a final matter, we reject the contention that the parties' stipulation as to the equalization rates in effect for the various tax years required Supreme Court to establish its assessed valuations for the Project based on the stipulated rates in tax years when the rate exceeded 100%. In their argument, respondents fail to distinguish between the parties' agreement as to the rate actually fixed by the State Board of Equalization and Assessment and the propriety of utilizing the rate so fixed in establishing the adjusted assessments. We also note that respondents do not contest Supreme Court's application of a 100% Village equalization rate for 1998/1999 despite the apparent absence of record evidence to support that rate. Respondents' remaining contentions are either unpreserved for our consideration, need not be considered, or have been considered and found to be lacking in merit.

Based on the foregoing analysis, the judgment shall be modified by increasing the assessed value of the property as set forth below:

| Year | Actual Rents Valuation | Town Equalization Rate | New Town Assessment | Village Equalization Rate | New Village Assessment |
|---|---|---|---|---|---|
| 1994 | $2,860,000 | 25.10% | $717,860 | — | — |
| 1995 | $2,850,000 | 26.03% | $741,855 | 25.08% | $714,780 |
| 1996 | $2,850,000 | 100.00% | $2,850,000 | — | — |
| 1997 | $2,820,000 | 97.61% | $2,752,602 | 100.00% | $2,820,000 |
| 1998 | $2,800,000 | — | — | 100.00% | $2,800,000 |

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by increasing the Town of Potsdam assessment to $717,860 for 1994, $741,855 for 1995, $2,850,000 for 1996 and $2,752,602 for 1997 and increasing the Village of Potsdam assessment to $714,780 for 1995, $2,820,000 for 1997 and $2,800,000 for 1998 and, as so modified, affirmed. Ordered that the order is affirmed, without costs.

