Lahtinen, J.
Appeals (1) from an order of the Supreme Court (O’Connor, J.), entered September 13, 2013 in Albany County, which, among other things, granted petitioner’s applications, in two proceedings pursuant to RPTL article 7, to reduce the 2010 and 2011 tax assessments on certain real property owned by petitioner, (2) from the judgment entered thereon, and (3) from an order of said court, entered May 5, 2014 in Albany County, which, among other things, granted petitioner’s cross motion to amend the petitions in the tax assessment proceedings.
Petitioner is the owner of three parcels of real property in the Town of Colonie, Albany County, the largest of which is approximately 7.6 acres (hereinafter the subject property) and is improved by a hotel known as The Desmond. In 2010 and 2011, the subject property had an assessed value of $16,000,000 (reflecting full market values of $23,880,597 and $23,703,703, respectively).* Petitioner commenced these RPTL article 7 proceedings seeking a reduction for 2010 to an assessed value of $10,050,000 (market value $15,000,000) and for 2011 to an assessed value of $8,375,000 (market value $12,407,407). Respondent North Colonie Central School District intervened and Supreme Court consolidated the proceedings for trial.
At the ensuing nonjury trial, petitioner’s appraiser, Erich Baum, testified that he used, among other things, the income capitalization approach to establish the value of the subject property, relying primarily on the actual financial performance and history of the hotel. He placed the full market value of the subject property at $13,300,000 (assessed value $8,911,000) for the 2010 tax year, and $12,109,000 (assessed value $8,173,575) for the 2011 tax year. Christopher Harland, respondents’ appraiser, also concluded that the income capitalization approach was the better method; however, relying more heavily on market expectations and performance rather than the actual performance of the hotel, he assigned a higher fair market value of $26,200,000 (assessed value $17,554,000) for tax year 2010 and $26,000,000 (assessed value $17,550,000) for tax year 2011. Supreme Court found the testimony and appraisal of petitioner’s expert to be more persuasive and adopted petitioner’s valuation for both years.
*1404 Respondents thereafter moved to modify the ensuing judgment, contending that it was error to reduce the assessment of the subject property below the value that petitioner had sought in its applications for review by respondent Board of Assessment Review of the Town of Colonie or in its ensuing RPTL article 7 petitions. Petitioner cross-moved to amend the petitions nunc pro tunc to conform to the proof adduced at trial. Supreme Court granted petitioner’s cross motion and denied respondents’ motion. Respondents appeal from the order and judgment reducing petitioner’s assessments, as well as from the order denying their motion to modify the judgment.
It is undisputed that petitioner met its initial burden to rebut the presumptive validity of the tax assessments and, accordingly, Supreme Court was required to “weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued” (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]; see Matter of Gibson v Gleason, 20 AD3d 623, 626 [2005], lv denied 5 NY3d 713 [2005]). “Where, as here, conflicting expert evidence is presented, we defer to the trial court’s resolution of credibility issues, and consider ‘whether the court’s determination of the fair market value of the subject property is supported by or against the weight of the evidence’ ” (Matter of Lowe’s Home Ctrs., Inc. v Board of Assessment Review and/or Dept. of Assessment Review of Tompkins County, 106 AD3d 1306, 1307 [2013], quoting Matter of Northern Pines MHP, LLC v Board of Assessment Review of the Town of Milton, 72 AD3d 1314, 1316 [2010]). Under settled law with respect to income-producing property, “actual income is the best indicator of value” (Matter of Conifer Baldwinsville Assoc. v Town of Van Buren, 115 AD2d 325, 325 [1985], affd 68 NY2d 783 [1986]; see Matter of Mutual of Am. Life Ins. Co. v Tax Commn., 68 AD3d 586, 594 [2009]; Matter of North Country Hous. v Board of Assessment Review for Vil. of Potsdam, 298 AD2d 667, 668-669 [2002]).
Baum employed the income capitalization method to ascertain the present value of the property by calculating the return that investors would expect to get on their investment if they purchased this property, primarily utilizing the hotel’s actual, historical income, occupancy rate and expenses — rather than placing reliance upon competitor hotels or market expectations. He explained that the hotel is a unique full-service hotel which, unlike its competitors, is not affiliated with a national franchise and derived a much greater percentage of its revenue from food *1405 and beverage sales; he accordingly opined that the actual performance of the hotel was the most important indicator of its expected profit and, thus, its present market value. From 2005 through 2010, despite good management and reduction of expenses, petitioner’s actual cash flow per unit and revenue suffered a significant decline for several reasons, including new modern competition, lack of franchise or brand affiliation, the economic downturn and the condition of the hotel. It was not error for Supreme Court to credit, in valuing this property, Baum’s substantiated opinion that projected higher market revenues — which petitioner’s hotel never actually achieved— were not economically feasible or attainable for this property. Likewise, the court rationally rejected Harland’s testimony and appraisal to the extent that it projected revenue far in excess of that historically attained by the hotel rather than relying on actual income figures.
Respondents’ contention that Supreme Court failed to properly consider the substantial mortgage on the property is unavailing. “While a court in determining fair market value may consider evidence of loans advanced on property during or near a particular tax status date when reviewing an assessment proceeding, such evidence standing alone is not entitled to [the] ‘greatest weight’ because the reasons behind the terms and amount of the loan may be uncertain and unrelated to market values” (Farash v Smith, 59 NY2d 952, 955 [1983] [citations omitted]; see Matter of John Jay Coll. of Criminal Justice of the City Univ. of N.Y., 74 AD3d 460, 461 [2010], lv dismissed and denied 16 NY3d 889 [2011]; Matter of Lia v Town of Niskayuna, 300 AD2d 876, 877 [2002]; Matter of River House Co. v Assessor of City of Binghamton, 56 AD2d 980, 980 [1977], lv denied 42 NY2d 811 [1977]). The mortgage was collateralized by land, buildings, furniture and equipment, with a limited personal guarantee, and, under the prevailing circumstances, did not necessarily fairly reflect the value of the property.
We next turn to respondents’ appeal from the May 2014 order, which, among other things, denied respondents’ motion to modify the judgment to the extent that it valued the property below the amount requested in the RPTL article 7 petitions. Petitioner sought in its applications for Board review and its RPTL article 7 petitions to reduce the assessed value to $10,050,000 for 2010 and $8,375,000 for 2011. Supreme Court reduced the assessed values below those amounts to $8,911,000 for 2010 and $8,173,575 for 2011. We have previously stated that, “in areas outside New York City, RPTL 720 (1) (b) prohibits tax reductions beyond those requested in the peti *1406 tions” (Matter of North Country Hous. v Board of Assessment Review for Vil. of Potsdam, 298 AD2d at 669). Two other Departments have similarly interpreted such statute (see Matter of Central Hudson Gas & Elec. Corp. v Assessor of Town of Newburgh, 73 AD3d 1046, 1050-1051 [2d Dept 2010], lv dismissed 15 NY3d 865 [2010]; Matter of Radisson Community Assn. v Long, 3 AD3d 135, 138-140 [4th Dept 2003], lv dismissed 4 NY3d 870 [2005]), as well as trial courts (see e.g. Orange & Rockland Utils., Inc. v Assessor of Town of Haverstraw, 7 Misc 3d 1017[A], 2005 NY Slip Op 50653[U] [Sup Ct, Rockland County 2005]). The relevant statutory language was amended in response to the holding in W.T. Grant Co. v Srogi (52 NY2d 496 [1981]), which had departed from the long-standing rule that relief beyond that requested in the petition could not be granted. The 1995 statutory amendment restored the original rule and the policy it reflected, which provided municipalities facing tax certiorari litigation a better measure for fiscal planning with a discernible range of expectant revenue as well as potential tax refund liability (see Assembly Sponsor’s Mem of Support, Bill Jacket, L 1995, ch 693; see also W.T. Grant Co. v Srogi, 52 NY2d at 521 [dissenting opinion]). We are unpersuaded by petitioner’s argument that it should be permitted to essentially eviscerate this statutory provision via a motion to amend its pleadings made after there has been a trial and decision on the merits of the petitions.
Peters, P.J., Garry, Rose and Lynch, JJ, concur.
Ordered that the order entered September 13, 2013 and the judgment entered thereon are modified, on the law, without costs, by changing the reduced assessment amount for 2010 from $8,911,000 to $10,050,000, and for 2011 from $8,173,575 to $8,375,000, and, as so modified, affirmed. Ordered that the order entered May 5, 2014 is reversed, on the law, without costs, petitioner’s cross motion denied, respondents’ motion granted and the judgment is modified as set forth herein.

 The equalization rate was 67% for 2010 and 67.5% for 2011.